PEOPLE *v.* TERRELL

APPEAL AND ERROR—INSTRUCTIONS TO JURY—FAILURE TO OBJECT-
    COURT RULES.
    Failure by defendant to object to charges given the jury pre-
    cludes assertion of error on appeal (GCR 1963, 516.2).

Appeal from Genesee, Stewart A. Newblatt, J. Submitted Division 2 November 4, 1969, at Lansing. (Docket No. 6,695.)   Decided December 8, 1969.

Juanita Terrell was convicted by a jury of manslaughter.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, and *Earle S. Clark II,* Assistant Prosecuting Attorney, for the people.

*Carl H. Leiter,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and McGREGOR and V. J. BRENNAN, JJ.

PER CURIAM.   Defendant, Juanita Terrell, was charged with second-degree murder and tried before a jury.   Prior to submission of the case to the jury,

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 891 *et seq.*

the trial court and counsel for the people and the defendant went over the proposed charge of the court. Each of the counsel approved the charges which were subsequently given. The jury returned a verdict of guilty on November 1, 1967, of the offense of manslaughter.

Following sentence, a motion for new trial was presented to the trial court alleging that the court improperly instructed the jury. From the denial of the motion for new trial, this appeal was taken alleging that the court erred in denying the motion for new trial on the basis of the allegations set forth therein.

GCR 1963, 516.2 provides:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

The defendant having failed to object to the instructions as given, we decline to consider the matter as a basis for granting a new trial. *People* v. *Kinsman* (1969), 16 Mich App 611; *People* v. *Mallory* (1966), 2 Mich App 359.

Affirmed.