### PEOPLE v. FRED SMITH

CONSTITUTIONAL LAW—CRIMINAL LAW—ATTORNEY AND CLIENT—ASSIGNED COUNSEL—DISCHARGE.

> Allowing previously assigned counsel to continue to represent a defendant after defendant indicated that he was dissatisfied with that attorney was proper where defendant did not unequivocally request that he be permitted to conduct his own defense (US Const, Am 6; Const 1963, art 1, § 13).

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 December 9, 1969, at Detroit. (Docket No. 6,246.) Decided February 23, 1970.

Fred Smith was convicted of gross indecency with a female. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Patricia J. Pernick,* Assistant Prosecuting Attorney, for the people.

*Robert McClear,* for defendant on appeal.

Before: LESINSKI, C. J., and LEVIN and DANHOF, JJ.

PER CURIAM. Defendant was found guilty of the crime of gross indecency with a female person by a

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 321.

jury in the recorder's court for the city of Detroit. CLS § 750.338b (Stat Ann 1954 Rev § 28.570(2)).

On appeal, the only issue is whether defendant's constitutional right to represent himself was denied. US Const, Am 6; Const 1963, art 1, § 13.

The trial court assigned attorney Jesse Holliday to represent defendant. Mr. Holliday had been defendant's assigned counsel in another case involving a three-day trial. The defense in both that case and the present one was alibi and involved the same alibi witnesses. Further, defendant pleaded guilty at the other trial to breaking and entering a dwelling place with intent to commit a felony therein. That dwelling place was the same building as the one in which the crime occurred in this case.

On the day set for trial and prior to the selection of the jury, defendant indicated to the trial court that he was dissatisfied with his assigned counsel. There followed an extensive colloquy between the court, the defendant, and the assigned counsel regarding this matter. At the conclusion of this discussion, defendant and his assigned counsel went into the detention cell to confer and the case was adjourned until the next day. No dissatisfaction with or objection to assigned counsel was thereafter made by defendant and Mr. Holliday continued to represent defendant throughout the trial of this case.

After a careful examination of the record we have concluded that the defendant did not unequivocally request that he be permitted to conduct his own defense and that the trial court did not err in allowing previously assigned counsel to continue to represent the defendant during his trial. Compare *United States* v. *Denno* (CA 2, 1965), 348 F2d 12, 15, 16, *cert denied,* 384 US 1007 (86 S Ct 1950, 16 L Ed 2d 1020); *People* v. *Henley* (1969), 382 Mich 143.

Affirmed.