PEOPLE v. KOONTZ

CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — CROSS-EXAM-
INATION — CREDIBILITY.
    Evidence of prior convictions is admissible where a defendant
    takes the witness stand because his credibility is in issue.

Appeal from Macomb, George R. Deneweth, J.
Submitted Division 2 April 14, 1970, at Lansing.
(Docket No. 8,023.)   Decided June 3, 1970.

James P. Koontz was convicted of attempted
breaking and entering with intent to commit a felony.
Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Thaddeus F. Hamera,* Chief
Appellate Lawyer, and *Stephen F. Osinski,* Assist-
ant Prosecuting Attorney, for the people.

*Ronald Goldstein (James C. Kotwick,* of counsel),
for defendant on appeal.

Before: DANHOF, P. J., and McGREGOR and QUINN,
JJ.

PER CURIAM.   Defendant, with retained counsel,
was tried by the court sitting without a jury and

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence §§ 320, 341.

found guilty on the charge of attempted breaking and entering with intent to commit a felony contrary to MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305) and MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).

On appeal it is contended that the evidence was insufficient to support the verdict of guilty beyond a reasonable doubt. Second, it is alleged that the lower court erred in allowing defendant to be cross-examined relative to previous felony convictions. The people have filed a motion to affirm the conviction.

A complete review of the entire lower court record leaves no doubt that the evidence was sufficient to support the verdict. Moreover, the defendant having taken the witness stand, his credibility was in issue. Evidence of prior convictions is admissible for this purpose. MCLA § 600.2158 (Stat Ann 1962 Rev § 27A.2158); *People* v. *Roney* (1967), 7 Mich App 678, 683. The questions presented are unsubstantial.

The motion to affirm is granted.