PEOPLE *v.* PAYNE

1. WITNESSES — CRIMINAL LAW — DEFENDANT TESTIFYING — PRIOR CONVICTIONS.

A defendant who testifies in his own behalf may be cross-examined about his prior criminal convictions for the purpose of testing his credibility, even though his prior crimes had no relationship to credibility.

2. CRIMINAL LAW—ASSISTANCE OF COUNSEL—DISCHARGE OF COUNSEL.

A defendant's right to discharge counsel before the trial begins can be exercised only if accompanied by an unequivocal statement by the defendant that he wishes to represent himself (Const 1963, art 1, § 13; MCLA § 763.1).

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 June 18, 1970, at Detroit. (Docket No. 7,001.) Decided October 2, 1970.

Hosea M. Payne was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Armand D. Bove,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 616.
[2] 21 Am Jur 2d, Criminal Law § 310.

Before: Lesinski, C. J., and Holbrook and T. M. Burns, JJ.

Per Curiam. Defendant Hosea M. Payne was tried by a jury in Recorder's Court in the City of Detroit and found guilty of armed robbery.[1] Defendant was sentenced to serve 5 to 20 years in prison and he appeals.

At his trial, defendant took the stand in his own behalf. On cross-examination, defendant was questioned about his prior convictions for the purpose of testing his credibility. The trial judge, in his charge, instructed the jury that the evidence of the prior convictions was to be used for credibility purposes only.

Defendant contends that the only crimes that can be used to test credibility are crimes which relate to credibility, *i.e.*, fraud, embezzlement, etc. He therefore contends that allowing the prosecution to question him about prior convictions for theft is reversible error since the crime of theft has no relationship to a person's credibility.

Defendant's position has never been the law in the State of Michigan. In this state, whenever a defendant takes the stand in his own behalf, he may be cross-examined about prior convictions of any crime for purposes of testing his credibility. *People* v. *DiPaolo* (1962), 366 Mich 394; *People* v. *Roney* (1967), 7 Mich App 678; *People* v. *Cybulski* (1968), 11 Mich App 244; *People* v. *Koontz* (1970), 24 Mich App 336.

Defendant next contends that the trial court, in failing to act on the request of the defendant to discharge his court appointed attorney, denied him his constitutional right to represent himself at trial.

---

[1] MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).

The Michigan Constitution of 1963, art 1, § 13, provides:

"A suitor in any court of this state has the right to prosecute or defend his suit, either in his own proper person or by an attorney."

There is also a statute which specifically covers the prosecution of a criminal case:

"On the trial of every indictment or other criminal accusation, the party accused shall be allowed to be heard by counsel and *may defend himself*."[2] (Emphasis supplied.)

The defendant, relying upon the above statutory and constitutional provisions, contends that the trial court had the duty to act upon his request to discharge his court-appointed attorney. The record shows that defendant first made the request to dismiss his attorney at the inception of his trial. Selection of the jury had not yet begun. Defendant did not state that he wanted to defend himself, he stated only that he wanted to discharge his court-appointed attorney.

The rule applied by the Michigan Supreme Court in the recent case of *People* v. *Henley* (1969), 382 Mich 143, 148, was taken from *United States* v. *Bentvena* (CA2, 1963), 319 F2d 916, 938, where the court held that "[o]ne charged with crime has an absolute right to do without an attorney and conduct his own defense * * * but that is quite different from the right to discharge counsel after trial has begun. This latter right is a qualified one."

This court looks with approval to the latter case of *United States, ex rel. Maldonado,* v. *Denno* (CA2, 1965), 348 F2d 12, 15, where the court stated:

---

2 CL 1948, § 763.1 (Stat Ann 1954 Rev § 28.854).

"The right of a defendant in a criminal case to act as his own lawyer is unqualified if invoked prior to the start of the trial.   *   *   *   Once the trial has begun with the defendant represented by counsel, however, his right to discharge his lawyer and represent himself is sharply curtailed.   There must be a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance."

The court went on to hold that defendant's right remained unqualified prior to the selection of the jury.   The court also stated, however, that the right could be exercised only by an unequivocal request to represent himself:

"If an unequivocal request were not required, convicted criminals would be given a ready tool with which to upset adverse verdicts after trials at which they had been represented by counsel."[3]

The court held, therefore, that the request by the defendant to discharge his attorney must be accompanied by an unequivocal request to represent himself.   Otherwise his constitutional right to defend himself has not been violated.

We adopt the rule in *Maldonado* and therefore hold, in the case at bar, that since the defendant did not unequivocally state that he wanted to represent himself, his constitutional and statutory rights have not been violated.

Affirmed.

[3] *United States, ex rel. Maldonado,* v. *Denno* (CA2, 1965) 348 F2d 12, 16.