## PEOPLE *v.* ARMSTRONG

1. CRIMINAL LAW—DEFENDANT'S RIGHT TO DO WITHOUT COUNSEL—
   DISCHARGE OF COUNSEL DURING TRIAL—AUTHORITY OF TRIAL
   JUDGES.

   The right to do without an attorney and personally conduct one's
   defense in a criminal prosecution is absolute but the right to
   discharge counsel after commencement of the trial is a
   qualified right; there must be a showing that the prejudice
   to the legitimate interests of the defendant overbalances the
   potential disruption of proceedings already in progress, with
   considerable weight being given to the trial judge's assessment
   of this balance.

2. CRIMINAL LAW—DEFENDANT'S RIGHT TO DO WITHOUT COUNSEL—
   DISCHARGE OF COUNSEL DURING TRIAL—CLEAR DEMAND TO CONDUCT
   OWN DEFENSE.

   One's constitutional right to defend himself in proper person is
   not violated where the accused's request that his attorney be
   dismissed was not made concomitantly with a clear demand
   to personally defend himself.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  21 Am Jur 2d, Criminal Law § 310.
   Right of defendant in criminal case to discharge of, or substi-
   tution of other counsel for, attorney appointed by court to
   represent him.  157 ALR 1225.
   Right of defendant in criminal case to conduct defense in per-
   son, or to participate with counsel.  77 ALR2d 1233.
[3, 4]  21 Am Jur 2d, Criminal Law § 315.
   Incompetency, negligence, illness, or the like, of counsel, as
   ground for new trial or reversal in criminal case.  64 ALR
   436.
[5]  21 Am Jur 2d, Criminal Law §§ 357, 367, 449.
   Duty of court to inform accused who is not represented by coun-
   sel of his right not to testify.  79 ALR2d 643.
[6]  53 Am Jur, Trial §§ 671, 824–835.

3. Criminal Law—Assistance of Counsel—Sham Trial—Ineffective Counsel.

Accused is denied effective assistance of counsel, only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation.

4. Criminal Law—Sham Trial—Ineffective Counsel—Assistance of Counsel—Attorney's Entire Representation.

The sham trial standard for granting relief from a final conviction on the ground of ineffective or incompetent counsel focuses the attention of the appellate court upon the entire representation of defendant by his attorney and not on one mistake which conceivably convicted his client.

5. Criminal Law—Interrogation—Constitutional Law—Warning of Rights—Notice.

Contention of defendant that police department's form "Constitutional Rights Certificate of Notification" did not warn him that anything he said might be used against him *in court* is without merit where the form says "I understand that * * * any statement I make or anything I say can be used against me in a *court of law*".

6. Criminal Law—Appeal and Error—Instructions to Jury—Failure to Object—Court Rules.

Defendant's failure to register timely objection to charges given the jury precludes assertion of error on appeal (GCR 1963, 516.2).

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 November 6, 1970, at Detroit. (Docket No. 6,596.) Decided December 3, 1970. Leave to appeal denied March 10, 1971. 384 Mich 814.

David Armstrong was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit) for defendant on appeal.

Before: Lesinski, C. J., and J. H. Gillis and Beasley,* JJ.

Per Curiam. Defendant was convicted by a jury of second-degree murder on August 20, 1968, MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). He appeals as of right.

On the second day of the trial, defendant expressed a desire to discharge his retained counsel because the latter "was not doing anything". Defendant said nothing as to his intention to either obtain another attorney or to defend himself in his own proper person. Indeed, defendant's motives for dismissal of his attorney were so nebulous that the trial court was given the impression that defendant wished to substitute another attorney. Because the trial had progressed too far and dismissal of defendant's attorney at that stage of the proceedings might have warranted a mistrial, the trial court declined to discharge the attorney.

On appeal, defendant contends that the trial court's ruling contravened his constitutional right to defend himself in proper person, as guaranteed by the Michigan Constitution.[1] The right to personally conduct one's defense in a criminal prosecution is absolute but the right to discharge counsel

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Const 1963, art 1, § 13, provides:

"A suitor in any court of this state has the right to prosecute or defend his suit, either in his own proper person or by an attorney."

after commencement of the trial is but a qualified right. *People* v. *Henley* (1969), 382 Mich 143, 148. As was observed by this Court in *People* v. *Payne* (1970), 27 Mich App 133:

"This Court looks with approval to the latter case of *United States, ex rel. Maldonado,* v. *Denno* (CA2, 1965), 384 F2d 12, 15, where the court stated:
" 'The right of a defendant in a criminal case to act as his own lawyer is unqualified if invoked prior to the start of the trial. [Citations omitted.]
" 'Once the trial has begun with the defendant represented by counsel, however, his right thereafter to discharge his lawyer and to represent himself is sharply curtailed. There must be a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance.' "

Furthermore, in the instant case, defendant's request that his attorney be released from the case was not accompanied by an unequivocal demand to represent himself. In *People* v. *Payne, supra,* we held that one's constitutional right to defend himself in proper person is not violated where the accused's request that his attorney be dismissed was not made concomitantly with a clear demand personally to defend himself.

Defendant also argues on appeal that he was denied effective assistance of counsel in that his attorney below, in arguing before the jury, uttered a statement which destroyed the essence of defendant's defense of self-defense. Defendant's attorney said:

"How he [the prosecutor] could stand before you and ask you, on a charge as serious as this, to

guess that this defendant feloniously, deliberately, willfully, with malice and premeditation killed this young man—*now, it's unfortunate that this has taken place, I don't condone it, * * * and I'm sure that you will not condone it.* But, we all have a duty to perform. Now, the court's duty will be to tell you what the law is in connection with this case. It will be your duty to determine the facts." (Emphasis supplied.)

An accused is denied effective assistance of counsel, "only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation". *People* v. *Degraffenreid* (1969), 19 Mich App 702, 710. This standard focuses the attention of the appellate court upon the entire representation of defendant by his attorney. Even where the lawyer makes an egregious mistake which conceivably convicted his client, ordinarily it cannot properly be said that the trial was a sham if, putting that mistake aside, the case was well handled or even adequately handled by the lawyer. A careful review of the entire trial convinces us that the proceedings below were not a sham, that defendant's attorney was adequately prepared to try the case, and that defendant's lawyer adequately represented defendant's interests.

Next, defendant claims that he was not sufficiently apprised of his constitutional rights prior to his interrogation by the police.[2] Defendant cites *Miranda* v. *Arizona* (1966), 384 US 436, 469 (86

---

[2] Defendant made oral and written admissions concerning the incident to the police as a result of this interrogation. An officer who participated in the questioning of defendant testified as to the oral statements; the written document was also admitted.

S Ct 1602, 1625; 16 L Ed 2d 694, 720, 721; 10 ALR 3d 974, 1008):

"The warning of the right to remain silent must be accompanied by the explanation that anything said can and will be used against the individual *in court."* (Emphasis supplied.)

While one of the interrogating officers gave testimony which indicated that the words "in court" were not included in the warning that any statement might be used later against defendant, a perusal of the Detroit Police Department's "Constitutional Rights Certificate of Notification" which was read to and by defendant prior to interrogation demonstrates that this contention is utterly without merit.[3] This certificate, handed to the accused before interrogation so as to comply with *Miranda,* reads, *inter alia*:

"I understand that:

\*   \*   \*

"2. Any statement I make or anything I say can be used against me in a *court of law."*[4] (Emphasis supplied.)

Defendant's other assignments of error as to the trial court's instructions to the jury are not now properly before us inasmuch as defendant failed to register timely objection to these charges. GCR 1963, 516.2; GCR 1963, 785.1. *People* v. *Terrell* (1969), 20 Mich App 562.

Affirmed.

---

[3] Inasmuch as the plain language of the Detroit Police Department's *"Miranda* card" communicates the idea that any statement made by defendant might be admitted against him in the future in court, we find it unnecessary to pass upon whether a warning which fails to include the phrase "in court" satisfies the guidelines set by *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974).

[4] See, also, *People* v. *Bynum* (1970), 21 Mich App 596, where the Detroit Police Department's certificate was held to be consistent with *Miranda* in another context.