PEOPLE *v.* ROLAND ROBINSON

1. TRIAL—MISTRIAL—INADMISSIBLE EVIDENCE—APPEAL AND ERROR—
   HARMLESS ERROR.
   Failure to rule on defendant's motion for a mistrial was harm-
   less error, if error at all, where the mistrial was sought because
   the prosecution attempted to introduce an exhibit into evidence
   which was inadmissible pursuant to a pre-trial order where the
   exhibit was withdrawn on defense counsel's timely objection,
   and the defendant, after the exhibit was withdrawn, did not
   renew his motion for a mistrial.

2. CRIMINAL LAW—WITNESSES—INDORSED WITNESSES—DUTY TO PRO-
   DUCE—DUE DILIGENCE—DISCRETION.
   The prosecution must call to testify all witnesses who have been
   indorsed on the information, but where due diligence has been
   exercised to insure the presence of witness, the court has dis-
   cretion to relieve the prosecution of the duty; the trial court's
   finding of due diligence will not be disturbed on appeal unless
   there is a clear abuse of discretion.

Appeal from Genesee, John W. Baker, J. Sub-
mitted Division 2 January 5, 1971, at Lansing.
(Docket No. 5896.) Decided February 15, 1971.

Roland D. Robinson was convicted of armed rob-
bery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,* Chief
Assistant Prosecuting Attorney, for the people.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 554, 624–626.
   53 Am Jur, Trial § 976.
[2] 58 Am Jur, Witnesses § 3.

Roland D. Robinson, *in propria persona*.

Before: QUINN, P. J., and BRONSON and O'HARA,* JJ.

O'HARA, J.   Defendant and his two co-defendants were convicted of robbery armed by a jury, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).

On August 28, 1967, three armed men held up the Jack of Diamonds Bar, took an undetermined amount of cash, looted the coins from certain machines, and carried off a quantity of alcoholic beverages.   In addition, both the barmaid and a customer were robbed and their vehicles driven off by the robbers.

Subsequently, defendant was arrested by police, without a warrant, at an apartment occupied by himself and a female companion.   The police later secured issuance of both a warrant and complaint against defendant and the two co-defendants.

In furtherance of defendant's appeal, he was granted permission by the court to proceed *in forma pauperis*.

The first allegation of error arises from the trial court's failure to rule upon defendant's motion for a mistrial made after the prosecutor made an offer of proof which was inadmissible because of a pre-trial order to exclude all evidence not offered at the suppression hearing.   Upon timely objection by defense counsel, who lacked pre-trial notice of the proposed exhibit, the exhibit was withdrawn.   Defendant's motion for a mistrial never was ruled on by the court and defendant never renewed his motion.   Under the circumstances, failure of the trial court to rule on the motion must be considered harm-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

less error, if error at all, since such action is not inconsistent with substantial justice. GCR 1963, 529.1.

Defendant also assigns as error the action of the trial court in denying a motion for mistrial based upon the prosecution's failure to produce an indorsed witness. Normally, it is incumbent upon the prosecutor to produce all indorsed witnesses, but where he has exercised due diligence to insure the presence of those witnesses, the trial court may, in its discretion, release the prosecutor from this duty. Absent a clear abuse of such discretion, the trial court's finding of due diligence will not be disturbed on appeal. *People* v. *Tubbs* (1970), 22 Mich App 549; *People* v. *Melvin Jackson* (1970), 21 Mich App 129.

In view of the prosecutor's vigorous efforts to locate the witness, we find no abuse of discretion in excusing production of the indorsed witness.

As a third assignment of error, defendant alleges that his arrest without a warrant vitiates his subsequent conviction of the offense charged. However, defendant, by his failure to interpose timely objection or make a motion before or at trial, is precluded from initially raising the legality of his arrest on appeal. *People* v. *O'Guin* (1970), 26 Mich App 305.

Defendant has also raised several other assignments of error, the significance of which do not merit detailed discussion. We have reviewed the whole record with care and we conclude that no error occurred which we can regard as reversible, and that there is no suggestion of a miscarriage of justice. *People* v. *Winegar* (1968), 380 Mich 719.

Affirmed.

All concurred.