PEOPLE *v.* HAWKINS

1. CRIMINAL LAW—IN PROPRIA PERSONA DEFENSE—UNEQUIVOCAL CLAIM.

> The constitutional right to proceed *in propria persona* must be unequivocally claimed by the defendant (Const 1963, art 1, § 13).

2. CRIMINAL LAW—IN PROPRIA PERSONA DEFENSE—UNEQUIVOCAL CLAIM.

> Failing to discharge defendant's court-appointed attorney and failing to allow the defendant to proceed *in propria persona* was not error where, at the outset of trial, defendant said that he did not have an attorney, the judge accurately replied that the defendant had had an attorney for over a year and the defendant did not unequivocally claim his right to defend himself.

3. CRIMINAL LAW—INTOXICATION—INSTRUCTIONS TO JURY—FAILURE TO INSTRUCT—UNREQUESTED INSTRUCTIONS.

> Failure to charge the jury that defendant could be found not guilty by reason of the lack of the specific intent to rob due to intoxication was not error where defense counsel did not rely on that defense, nor did he request instructions on that defense, nor did he object to the instructions given.

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 December 8, 1970, at Detroit. (Docket No. 8203.) Decided May 24, 1971. Leave to appeal denied, 385 Mich 780.

Lucious Hawkins was convicted of robbery unarmed. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 310, 318.
[3] 21 Am Jur 2d, Criminal Law §§ 107, 108.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant on appeal.

Before: LEVIN, P. J., and BRONSON and O'HARA,* JJ.

PER CURIAM.    The defendant, Lucious Hawkins, was charged with committing the offense of armed robbery, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797), and was convicted by a jury of unarmed robbery, MCLA § 750.530 (Stat Ann 1954 Rev § 28.798).

At the outset of the trial, before the jury was drawn, the following colloquy took place:

*"Defendant:* Your Honor, could I say I don't have an attorney.

*"The Court:* You have one.  Sit down.

*"Defendant:* I don't have one.

*"The Court:* Sit down.  You had one since September of last year.  Don't tell me that.  All right. You may proceed, Mr. Clerk."

An attorney appointed by the court to represent Hawkins, an indigent, entered an appearance on September 26, 1968, almost a year before the commencement of trial on August 6, 1969.  At no time during the intervening period nor at any time during the trial did the defendant lodge any complaint

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

regarding the adequacy of his representation by his court-appointed attorney. Nor did he at any time ask that his attorney be discharged or that substitute assigned counsel be appointed or that he be permitted to proceed *in propria persona.*

Now on appeal he claims that he was denied his constitutional right to proceed *in propria persona* (Const 1963, art 1, § 13) when the judge responded as he did to the defendant's statement regarding his attorney.

The general rule is that the Michigan constitutional right to represent one's self must be unequivocably claimed by the defendant. *People* v. *Payne* (1970), 27 Mich App 133. We do not think that the judge should have understood the defendant's statement to be an inartful request that he be permitted to discharge his attorney and proceed *in propria persona,* or that the judge erred in failing to ask the defendant whether he wished to do so. See *People* v. *Henderson* (1971), 30 Mich App 675.

During the trial the complaining witness testified that the defendant spoke incoherently, was not walking very steadily, and that she smelled alcohol on his breath. The defendant's attorney did not, based on this testimony, contend or argue to the jury that the defendant was at the time the offense was committed so deeply intoxicated that he could not entertain the requisite specific intent to commit the offense of robbery. He argued, rather, that when Hawkins accosted the complaining witness on the street he was not attempting to rob her and she misinterpreted his conduct. No request for instructions on an intoxication defense was submitted, nor did the defendant's attorney object to the instructions that were given.

In *People* v. *Guillett* (1955), 342 Mich 1, on which the defendant relies, Guillett injected the issue of

inability, by reason of intoxication, to entertain the requisite specific intent. Similarly, see *People* v. *Kelley* (1970), 21 Mich App 612. In both cited cases the defendants' convictions were reversed because of misleading and incorrect charges on the intoxication defense. In this case, reversal for instructional error is not indicated. Hawkins' counsel did not rely on intoxication as a defense and, therefore, there was no need properly to charge on that non-issue.

Affirmed.