PEOPLE *v.* ANTHONY

1. CRIMINAL LAW—EVIDENCE—UNADMITTED EXHIBITS—PREJUDICE.
    A police officer's testifying that he found a gun under defendant's bed and having the gun in the view of the jury during trial did not constitute reversible error even though the gun was not introduced in evidence where the defendant was identified by the victim of the crime charged who had ample opportunity to observe the defendant before and during the commission of the crime because the claimed errors did not result in a miscarriage of justice (MCLA § 769.26).

2. CRIMINAL LAW—LINEUPS—PARTICIPANTS—DUE PROCESS.
    Lineup did not violate defendant's right to procedural due process nor taint a subsequent in-court identification where the defendant, 27 years old and 5'9" tall, was the fourth person in a five-man lineup where the lineup consisted of men 5'11", 5'10", 5'7", 5'9", and 5'6" whose ages were 18, 21, 30, 27, and 27 years old.

3. CRIMINAL LAW—MOTION FOR MISTRIAL—FAILURE TO RULE—FAILURE TO OBJECT—HARMLESS ERROR.
    Any error which resulted from the court's failure to rule on defendant's motion for a mistrial, based on the prejudicial effect of the prosecutor's "allegation" of a prior conviction, was harmless where the defendant failed to object to the court's failure to rule on the motion.

4. CRIMINAL LAW—INCLUDED OFFENSES—INSTRUCTIONS TO JURY—REQUESTED INSTRUCTIONS.
    Instructing the jury on the lesser included offense of larceny from the person of another was proper where the defendant,

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 778.
[2] 21 Am Jur 2d, Criminal Law § 368.
[3] 5 Am Jur 2d, Appeal and Error § 545.
[4] 5 Am Jur 2d, Appeal and Error § 891.
    53 Am Jur, Trial §§ 796–802.

charged with armed robbery, requested the instruction, failed to object to the instruction at trial, and raises the issue for the first time on appeal.

Appeal from Recorder's Court of Detroit, Bon Binkowski, J. Submitted Division 1 June 14, 1971, at Detroit. (Docket No. 10130.) Decided July 27, 1971. Leave to appeal denied, 387 Mich 754.

Richard Anthony was convicted of larceny from the person of another. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Robert Shulman,* for defendant on appeal.

Before: T. M. Burns, P. J., and Holbrook and McGregor, JJ.

T. M. Burns, P. J. Defendant was tried by a jury for having committed the crime of armed robbery contrary to MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). He was found guilty of larceny from the person of another[1] and sentenced to a term of 9-1/2 to 10 years in Jackson Prison. This appeal is brought by right.

At the trial, a patrolman testified that he found a gun under the defendant's bed. In addition, the gun apparently was in view of the jury for a time although it was never entered into evidence. The next day defendant made a motion for a mistrial and the trial judge denied the motion because it was

---

[1] MCLA § 750.357 (Stat Ann 1954 Rev § 28.589).

not timely made.  The court did instruct the jury to disregard the evidence concerning the discovery of the gun.

MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096) provides that no verdict shall be set aside unless in the opinion of the court it appears that the error complained of has resulted in a miscarriage of justice.  In the instant case the defendant was positively identified by the victim who had ample opportunity to observe the defendant before and during the commission of the crime.  We conclude that the claimed error did not result in a miscarriage of justice.

Defendant next contends that the lineup procedure was so violative of due process that it tainted the in-court identification by the victim.  Defendant relies on *People* v. *Wilson* (1969), 20 Mich App 410, 413, where the Court stated:

"The lineup consisted of defendant, who is 5′3–1/2″ tall and four other men whose heights were 5′7″, 5′7″, 5′9″, and 5′10″.  This is so suggestive as to violate due process, in our view, and were we the trial judge, we would not admit any testimony concerning the lineup."

In the instant matter the lineup consisted of five men.  Their heights were 5′11″, 5′10″, 5′7″, 5′9″, and 5′6″.  Their ages were 18, 21, 30, 27, and 27 years old.  Defendant, the fourth man in the lineup, was 27 years old and 5′9″ tall.  In our opinion, this lineup was not so suggestive as to violate due process.  At the lineup defendant was represented by an attorney who expressed himself satisfied with the procedure.  Our review of the evidence convinces us that the lineup was conducted in complete conformity with *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199).  We therefore find defendant's second contention to be without merit.

Defendant next contends that it was reversible error for the trial court to fail to grant his motion for a mistrial based upon the prejudicial effect of the prosecutor's "allegation" of a prior conviction.

The trial court never ruled on defendant's motion. Defendant never objected to the trial court's failure to rule on the motion. Therefore, any error committed by the trial court must be considered harmless. *People* v. *Roland Robinson* (1971), 30 Mich App 372; GCR 1963, 529.1.

Finally, defendant contends that reversible error occurred when the trial judge instructed the jury at the request of the defendant on the included offense of larceny from the person of another. This Court does not look with favor on a defendant claiming error on an instruction given on a lesser included offense when requested by the defendant. Also, after giving the instruction, the trial judge asked if any of the parties wanted to put anything on the record. Defendant made no objection to the instruction at that time, but challenges the charge for the first time on appeal.

This Court has repeatedly held that a defendant's failure to make a timely objection to a jury instruction waives any error. GCR 1963, 516.2; *People* v. *Terrell* (1969), 20 Mich App 562, 563. We find defendant's final assignment of error to be without merit.

Affirmed.

All concurred.