PEOPLE v ANDERSON

1. CRIMINAL LAW—RIGHT TO COUNSEL—RIGHT TO REPRESENT SELF—
   CONSTITUTIONAL LAW—STATUTES.

   One accused of a crime has a right to either represent himself or
   be represented by an attorney (Const 1963, art 1, § 13; MCLA
   763.1).

2. CRIMINAL LAW—RIGHT TO REPRESENT SELF—DISCHARGE OF COUN-
   SEL.

   The right to conduct one's defense personally in a criminal
   prosecution is absolute but the right to discharge counsel after
   commencement of the trial is qualified.

3. CRIMINAL LAW—RIGHT TO REPRESENT SELF—DISCHARGE OF COUN-
   SEL—CONSTITUTIONAL LAW—STATUTES.

   A defendant's constitutional and statutory rights to represent
   himself were violated where, prior to the selection of the jury,
   he made a request to discharge his attorney accompanied by an
   unequivocal statement that he desired to represent himself,
   and the request was denied by the trial court (Const 1963, art
   1, § 13; MCLA 763.1).

Appeal from Kent, George V. Boucher, J. Sub-
mitted Division 3 June 7, 1974, at Grand Rapids.
(Docket No. 17272.) Decided August 28, 1974.
Leave to appeal applied for.

Donny R. Anderson was convicted of armed
robbery. Defendant appeals. Reversed and re-
manded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 309, 310.
   Self: right of defendant in criminal case to conduct defense in
   person, or to participate with counsel. 77 ALR2d 1233.
[2, 3] 7 Am Jur 2d, Attorneys at Law § 138.
   21 Am Jur 2d, Criminal Law § 310.

*Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney and *Donald A. Johnston III,* Chief Appellate Attorney, for the people.

*Joseph R. Gillard, III,* for defendant on appeal.

Before: HOLBROOK, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

PER CURIAM. On November 9, 1972, defendant Donny Ray Anderson was charged with armed robbery contrary to MCLA 750.529; MSA 28.797. A preliminary examination was held in the 61st District Court on November 21, 1972, and defendant was bound over to circuit court for arraignment on the charge. On November 24, 1972, defendant was arraigned in Kent County Circuit Court and stood mute to the charges entered against him, whereupon a plea of not guilty was entered in his behalf. A pretrial conference was conducted on January 11, 1973, and the case was set for trial on January 30, 1973. Trial was held on January 30 and 31, following which the jury returned a verdict against defendant of guilty as charged. On March 19, 1973, defendant was sentenced to from 7 years and 6 months to 20 years in prison, with appropriate credit for time already spent in jail. Defendant now appeals his conviction as of right.

On the first day of defendant's trial, but prior to the selection of the jury, the following colloquy took place:

"*Defendant:* Your Honor, I would like to have Mr. Holst removed from this case for lack of evidence.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"*The Court:* Why?

"*Defendant:* I mean, I have my own personal feelings about Mr. Holst.

"*The Court:* What are those, sir?

"*Defendant:* I don't think he has put forth every effort that he has to see that justice is being done in this case.

"*The Court:* Are you prepared to hire your own attorney, sir?

"*Defendant:* No, I am not at this time.

"*The Court:* Are you prepared to represent yourself at this trial?

"*Defendant:* Yes, this is what I—

"*The Court:* I beg your pardon?

"*Defendant:* Yes.

"*The Court:* You wish to represent yourself?

"*Defendant:* Yes. Not at this moment. I wish to represent myself and have a little more time to get affiliated with the case.

\* \* \*

"*The Court:* Why didn't you bring this motion to the attention of the court before the morning of trial, Mr. Anderson?

"*Defendant:* I just got aware of some evidence concerning this case and I can't—I really don't feel that justice can be held in this case.

\* \* \*

"*The Court:* Have you talked to Mr. Holst about this case?

"*Defendant:* Yes.

"*The Court:* All right, sir. Thank you.

"It appearing that we are now at the morning of trial, that Mr. Holst is one of the most competent and experienced defense lawyers available in this part of the State, he is thoroughly prepared to try this case, that Mr. Anderson is not prepared to proceed to try the case alone this morning, and that no good reason has been shown for relieving him from his responsibility to the Court in this respect, the motion to remove Mr. Holst as defense counsel is denied."

The sole issue raised on appeal is whether it was reversible error for the trial court to refuse to permit the defendant to discharge his attorney and proceed with the trial representing himself.

One accused of a crime has a right to either represent himself or be represented by an attorney pursuant to Const 1963, art 1, § 13 and MCLA 763.1; MSA 28.854. The right to personally conduct one' defense in a criminal prosecution is absolute but the right to discharge counsel after commencement of the trial is qualified. *People v Henley,* 382 Mich 143, 148; 169 NW2d 299 (1969); *People v Armstrong,* 28 Mich App 387, 390; 184 NW2d 531 (1970).

In *People v Payne,* 27 Mich App 133, 183 NW2d 371 (1970), a case in which two members of this panel participated, we dealt with a factual situation similar to the present case. In *Payne,* the defendant had requested at the beginning of the trial that his court-appointed counsel be dismissed, and that he be allowed to conduct his own defense. As in this case, the jury in *Payne* had not yet been selected.

Relying on *United States ex rel Maldonado v Denno,* 348 F2d 12 (CA 2, 1965), *cert den* 384 US 1007; 86 S Ct 1950; 16 L Ed 2d 1020 (1966), we held in *Payne* that a defendant's constitutional right to defend himself is not violated where the accused's request that his attorney be discharged was not accompanied by an unequivocal request to defend himself. We, therefore, affirmed Payne's conviction since he did not unequivocally state that he wanted to represent himself. We emphasized, however, that absent this exception, defendant's right remained unqualified prior to the selection of the jury.

We are of the opinion that *Payne* mandates

reversal in this case. The jury had as yet not been selected. And, although the previously quoted transcript does show that defendant was not ready to try the case that day and was requesting an adjournment, this does not defeat the fact that defendant's statement, "I wish to represent myself", was unequivocal. We therefore hold that since the defendant's request to discharge his attorney was accompanied by an unequivocal statement that he desired to represent himself, his constitutional and statutory rights were violated.

Although we must reverse and remand this case for a new trial, we wish to point out that under the circumstances of this case, we do not fault the trial court for its action. We realize that the trial court's task in a situation such as was presented here is a difficult one. The court was faced with a dilemma. It had to choose between proceeding with the trial with counsel for defendant present and ready to defend the case or adjourning the case for two or three weeks to allow defendant time to prepare his own defense at which time the defendant would have been required to proceed with the trial in *propria persona.* Thus it appears that the trial court acted in a manner to prevent further delay in the administration of justice and to meet its responsibility to complete its cases and remove them from its docket expeditiously.

However, while we sympathize with the trial court, the fact that the task was difficult is not sufficient reason to vitiate defendant's absolute right to represent himself at trial and conduct his own defense, as guaranteed by our State Constitution. It appears that both the trial court and the prosecutor mistakenly considered this case to involve a discretionary denial of a motion for an adjournment. This is most unfortunate; for had

the court expressly addressed itself to the question of defendant's right to represent himself, we are confident that it would have resolved the matter in defendant's favor, as we have.

Reversed and remanded for a new trial.