PEOPLE v McMILLAN

1. ATTORNEY AND CLIENT—CRIMINAL LAW—RIGHT TO SELF-REPRESEN-
   TATION—CONSTITUTIONAL LAW—STATUTES.

   One accused of a crime has a right to represent himself or be
   represented by an attorney; the right to personally conduct
   one's defense in a criminal prosecution is absolute, but the
   right to discharge counsel after commencement of the trial is
   qualified (Const 1963, art 1, § 13, MCLA 763.1).

2. ATTORNEY AND CLIENT—CRIMINAL LAW—RIGHT TO SELF-REPRESEN-
   TATION—CONSTITUTIONAL LAW.

   Erroneous information supplied a defendant by the district court
   judge at arraignment that the defendant could not represent
   himself if he wanted to is not reversible error and did not
   deprive the defendant of his right to self-representation, where
   the record is devoid of any manifestation by defendant that he
   wanted to proceed *in propria persona,* and the record further
   shows that the erroneous information was given to the defend-
   ant after he had decided to proceed with assigned counsel.

Appeal from Macomb, Howard R. Carroll, J.
Submitted May 14, 1975, at Grand Rapids. (Docket
No. 21107.) Decided August 13, 1975.

Edwin D. McMillan was convicted of breaking
and entering with intent to commit larceny. De-
fendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Don L. Milbourn,* Chief Ap-
pellate Lawyer, and *Stephen F. Osinski,* Assistant
Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 310, 311.

*William M. Havey,* for defendant.

Before: D. E. HOLBROOK, P. J., and ALLEN and
D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, P. J. Defendant was found
guilty by a jury in Macomb County Circuit Court
on October 24, 1973 of breaking and entering a
building with intent to commit larceny, MCLA
750.110; MSA 28.305, and sentenced to a 3 to 10
year prison term on November 7, 1973. From a
July 19, 1974 order denying a motion for new
trial, defendant brings this delayed appeal.

At approximately 3 a.m. on May 17, 1973, state
police responded to a possible burglary in progress
at Capozzo Furniture Store on Gratiot in Macomb
County, and found defendant lodged between bars
situated in a rear window of the store. The window
pane was broken and the defendant's person was
stuck "half in and half out" of the premises. The
store owner testified that on the evening prior to
the episode, all doors and windows were locked,
and the window pane where defendant was found
was not broken, although it had possessed a small
crack for sometime. No one had permission to
enter the store after the closing the evening be-
fore.

The arresting officer testified that defendant
admitted breaking into the building for the object
of taking goods therein. Defendant took the stand
in his own behalf, and testified that he was trying
to enter the building in order to escape from two
males who he believed wanted to harm him. De-
fendant denied or could not recall admitting crimi-
nal culpability to the police, other than a state-
ment in jest that he had been dreaming of break-
ing into the store.

Defendant raises several issues on appeal, one of

which deserves discussion and determination. Was defendant denied his right of self-representation?

Defendant asserts that he had the right to conduct his own defense. Const 1963, art 1, § 13, MCLA 763.1; MSA 28.854, *People v Henley,* 382 Mich 143; 169 NW2d 299 (1969). He claims that the district court judge deprived defendant of this right when he responded negatively to defendant's question, "I can represent myself if I wanted to, couldn't I?"

The people respond saying that the right to represent one's self is not absolute *[People v Overby,* 42 Mich App 1; 201 NW2d 303 (1972)] and may be limited if it conflicts with the right to receive a fair trial *[People v Kirkland,* 40 Mich App 22; 198 NW2d 811 (1972)]. Defendant neither objected nor expressed any dissatisfaction with assigned counsel—a prerequisite in this type of case. *People v Fred Smith,* 22 Mich App 22; 176 NW2d 729 (1970).

Moreover, an accused must unequivocally state that he wants to represent himself. *People v Anderson,* 55 Mich App 317; 222 NW2d 226 (1974), *People v Payne,* 27 Mich App 133; 183 NW2d 371 (1970).

This defendant did not unequivocally state he wished to proceed *in pro per.* In effect, defendant is claiming for the first time on appeal that he was deprived of his right to represent himself on the basis of an inquiry to the district court judge at arraignment on the warrant.

We note that at his May 17, 1973 arraignment on the warrant in district court, defendant informed the court that he desired to retain his own counsel, and a preliminary examination was scheduled for May 22, 1973. On that date, defendant appeared and informed the court that he had been

unable to secure counsel and defendant chose to be represented by assigned counsel. Shortly after defendant stated that he desired assigned counsel, the following relevant colloquy took place between the defendant and the district court judge:

"A. *(defendant).* I can represent myself if I wanted to, couldn't I.

"Q. *(district judge).* No.

"A. Why not.

"Q. Well, not considering the gravity of the charge and the fact you are on parole. A conviction to anything might result in your parole being violated, so under law you must be represented. You can either get your own attorney or the court will appoint one, but I won't allow you to sit there by yourself. You don't have to talk to him, but at least he'll be sitting there looking at you."

The district court judge incorrectly posited the law in this state:

"A suitor in any court of this state has the right to prosecute or defend his suit, either in his own proper person or by an attorney." Const 1963, art 1, § 13.

"On the trial of every indictment or other criminal accusation, the party accused shall be allowed to be heard by counsel and may defend himself, . . . " MCLA 763.1; MSA 28.854.

"One accused of a crime has a right to either represent himself or be represented by an attorney pursuant to Const 1963, art 1, § 13 and MCLA 763.1; MSA 28.854. The right to personally conduct one's defense in a criminal prosecution is absolute but the right to discharge counsel after commencement of the trial is qualified. *People v Henley,* 382 Mich 143, 148; 169 NW2d 299 (1969); *People v Armstrong,* 28 Mich App 387, 390; 184 NW2d 531 (1970)." *People v Anderson,* 55 Mich App 317, 320; 222 NW2d 226, 228 (1974).

The question before us is whether the erroneous

statement of the district judge concerning defendant's right to self-representation effectively denied defendant his right to proceed *in propria persona,* requiring reversal.

The people's authority for the propositions that (1) the right to represent one's self is not absolute, and (2) a defendant must "unequivocally" manifest his desire to proceed *in propria persona* arose out of factual situations wherein counsel had already been assigned, the request was preceded by a demand for substitution of counsel or the self-representation request was made after trial commencement.

A different standard applies with respect to competency to represent one's self as opposed to competency to stand trial. The Court in *People v Holcomb,* 47 Mich App 573, 580; 209 NW2d 701, 705, *lv granted,* 390 Mich 808 (1973), discussed the dilemma created for a trial court judge between one's right to counsel and his right to self-representation.

"Trial judges would never be able to successfully and judiciously resolve the serious confrontation between the right to self-representation and its constitutional counterpart of right to counsel if either right was unlimited. Since these rights are the mirror image of each other, they cannot be invoked simultaneously. The reliance upon one requires the forbearance of the other. To prevent defendant from placing trial judges into a 'heads I win, tails you lose' situation, we find the right to self-representation limited in the following manner.

"A defendant choosing to invoke his right to appear *pro per* must abandon his right to counsel. This waiver of counsel will not be deemed effective unless made voluntarily and intelligently. *Johnson v Zerbst,* 304 US 458; 58 S Ct 1019; 82 L Ed 1461 (1938); *Moore v Michigan,* 355 US 155; 78 S Ct 191; 2 L Ed 2d 167 (1957). Defendant's competency is the necessary prere-

quisite to a valid waiver. *Pate v Robinson,* 383 US 375; 86 S Ct 836; 15 L Ed 2d 815 (1966); *Westbrook v Arizona,* 384 US 150; 86 S Ct 1320; 16 L Ed 2d 429 (1966)."

It was not until after he had requested assigned counsel, that the defendant stated: "I can represent myself if I wanted to, couldn't I." It is thus evident from defendant's prior request for assigned counsel, that he *did not want* to represent himself. In other words, had the defendant desired to represent himself, he would not have informed the court—before inquiring about self-representation—that he wanted an attorney to represent him. Granted defendant was misinformed by the district court judge, but the erroneous information came only after defendant had decided he wanted assigned counsel. Moreover, the statement by defendant that "I can represent myself if I wanted to, couldn't I", indicates that when he made his choice to have assigned counsel, defendant believed he could represent himself.

Defendant was not deprived of his right to represent himself. He was not even denied an opportunity to choose, since he had already made up his mind to be represented by assigned counsel prior to inquiring about self-representation. The subsequent erroneous advice could not relate back to taint his choice. Had the misinformation come prior to the defendant's decision to have assigned counsel, we might reach a different result. In such instance, the district judge would have erroneously narrowed the courses of action available to defendant thereby tainting his choice. In this case, the error lies in the district court's possible foreclosure of defendant's option *in futuro* to represent himself should he change his mind. One cannot be expected to invoke a right he has been informed is

nonexistent. What is decisive in the instant case, however, is that defendant did not inform the district judge that he *wanted* to represent himself; on the contrary, defendant decided that he wanted assigned counsel. The record is completely devoid of any manifestation by defendant that he ever wanted to proceed *in propria persona.* Defendant does not even claim on appeal that he ever wanted to represent himself. Thus, the erroneous information supplied defendant by the district court judge *after* defendant had made the choice to proceed with assigned counsel—at a time he believed he could represent himself—indicates defendant was not deprived of his right of self-representation, and hence, there is no reversible error.

Affirmed.