PEOPLE v STEPHENS

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—INTOXICATION—COOLEY
   STANDARD—CAPACITY STANDARD—REQUISITE INTENT.

   It was harmless error beyond a reasonable doubt, if erroneous at
   all, for a trial court to give instructions to a jury regarding a
   defendant's alleged intoxication which did not include the
   *Cooley* standard but were limited to the capacity standard
   where the defendant was attempting to establish as his defense
   the elements which were covered by the instructions given by
   the trial judge and which were requested as an instruction by
   the defendant.

2. APPEAL AND ERROR—FAILURE TO OBJECT—MANIFEST INJUSTICE.

   The Court of Appeals should not reverse because of an error to
   which no objection is made in the trial court unless there is a
   showing that manifest injustice would result.

3. CRIMINAL LAW—EVIDENTIARY HEARINGS—SUA SPONTE HEARINGS—
   VOLUNTARINESS OF DEFENDANT'S STATEMENTS.

   A trial court is not required to conduct *sua sponte* an evidentiary
   hearing concerning the voluntariness of an accused's extrajudi-
   cial statements.

4. CRIMINAL LAW—CONSTITUTIONAL LAW—EVIDENTIARY HEARINGS—
   EFFECTIVE ASSISTANCE OF COUNSEL—MOTION FOR NEW TRIAL.

   There is no requirement, when a defendant moves for a new trial
   for the reason that he had been denied his right to effective
   assistance of counsel, that a trial court should *sua sponte*
   conduct a post-conviction evidentiary hearing to determine
   whether the defendant was denied such a right.

5. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO COUNSEL—
   WAIVER OF RIGHT TO COUNSEL—IN PRO PER REPRESENTATION.

   A defendant has a guaranteed constitutional right to defend

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 743, 744.
[2] 5 Am Jur 2d, Appeal and Error § 558 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[4–7] 21 Am Jur 2d, Criminal Law §§ 309–317.

himself at trial *in pro per;* however, to invoke this right, the defendant must intelligently and voluntarily abandon his right to counsel (US Const, Ams VI, XIV; Const 1963, art 1, § 13).

6. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO COUNSEL—IN PRO PER REPRESENTATION—TRIAL COURTS—APPEAL AND ERROR.

There seems to be no meaningful distinction that can be drawn between the right to represent oneself at the trial level and the right to submit an appellate brief *in pro per.*

7. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO COUNSEL—IN PRO PER REPRESENTATION—WAIVER OF RIGHT TO COUNSEL—APPEAL AND ERROR.

A trial court erred in refusing to allow a defendant to prosecute his appeal *in pro per* without having properly warned the defendant of the dangers of self-representation and without having determined whether the defendant voluntarily and intelligently desired to waive his right to counsel; however, this is not a sufficient basis for reversal of the defendant's conviction where the Court of Appeals, on its own motion, has given the defendant ample opportunity to file an *in pro per* brief.

Appeal from Genesee, Harry B. McAra, J. Submitted January 7, 1976, at Lansing. (Docket No. 21667.) Decided September 7, 1976.

Samuel Stephens was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Edward L. Parker,* for defendant.

Before: DANHOF, C. J., and V. J. BRENNAN and M. J. KELLY, JJ.

M. J. KELLY, J. The defendant and a co-defendant were charged with armed robbery, contrary to MCLA 750.529; MSA 28.797, and tried separately.

Defendant was found guilty as charged by a jury in Genesee County Circuit Court and sentenced to a term of 16 years and 8 months to 25 years in prison. Defendant appeals as of right.

Defendant raises four assignments of error. The first is that the trial judge erroneously instructed the jury regarding intoxication and therefore committed reversible error. Defendant contends that the instruction, which was actually requested by defendant's trial counsel, did not include the "COO-LEY standard", but rather was limited to the "capacity standard", which was disapproved in *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973). Despite the failure of defendant's trial counsel to object to the instruction, defendant argues that the trial judge's failure to correctly instruct the jury was reversible error.

This case arose out of the robbery of a jewelry store on the morning of November 13, 1973. In his argument to the jury, defense counsel conceded that the defendant committed the robbery. He did so for good reason; the prosecution had an iron-clad case, including a confession by the defendant, but counsel went on to argue that the defendant's mental facilities were so overcome by the use of drugs at the time that he was not capable of forming the necessary specific intent to commit armed robbery.

An examination of the trial transcript reveals that the only testimony offered to support the intoxication defense was defendant's—that he had a "spoon" of cocaine at 8:30 a.m. on the morning in question and an additional dose later that same morning. He testified that he was unable to remember anything from the time of his last injection until his arrest. In contrast, the two victims of the crime testified that defendant did not appear to be under the influence of alcohol or narcotics at

the time of the robbery. Rather, he was described as being polite, alert and coherent.

In order to determine whether the instructions in this case offend *Crittle, supra,* a brief recapitulation of the *Crittle* case is required. In *Crittle,* the defendant was charged with armed robbery. The defendant was intoxicated and claimed it was an April Fool's joke. He returned the money, although the owner claimed $40 was missing, said it was an April Fool's joke and asked if the cashier was alright. The pertinent part of the instruction given was:

"You would not, however, be justified in acquitting * * * unless you find * * * that he was not conscious of what he was doing or why he was doing it." 390 Mich at 376.

The effect of this instruction was to deprive defendant of the defense of lack of specific intent. As the Court explained:

"Under the *Crittle* rule, however, even if they found defendant only intended a drunken prank, they would be required to find the defendant guilty of robbery armed because in performing the prank he presumably knew what he was doing if not why he was doing it, and hence he would be falling afoul of the *Crittle* instruction without in any way having the intent necessary for robbery armed. The *Crittle* instructions are consequently reversibly erroneous." 390 Mich at 373.

Thus, in the *Crittle* case, the defendant was deprived of his only defense—that the intent he entertained when he committed the robbery was the intent to pull a joke. He was not arguing that he was incapable of forming the intent to rob, and that is the telling distinction between *Crittle* and the case at bar.

In this case, the defendant was arguing the very defense embodied in the instruction which he requested and which the trial judge gave. He was not arguing that he intended to pull a prank, nor that he had some other intent, different from or lesser than the intent to rob. Therefore it is our conclusion that the giving of this instruction, even if erroneous, is harmless beyond a reasonable doubt.

Furthermore we believe that this is an apt case for the application of the no objection-no error rule. GCR 1963, 516.2. *Crittle* was decided in November of 1973 and this trial took place in June of 1974. It is one thing to say that the error in *Crittle* constituted manifest injustice and required reversal without an objection. It is quite another thing to say that a later case involving a similar instruction also mandates reversal without an objection. See concurring opinion in *People v Sizemore,* 69 Mich App 672; 245 NW2d 159 (1976). We should not provide such appellate parachute.

Defendant next contends that the trial court committed reversible error by allowing defendant's confession[1] to be admitted at trial without first conducting a *Walker*[2] hearing. This contention is without merit. Defendant's in-custody confession was admitted at trial without objection and without a request for a *Walker* hearing by defendant's counsel. As the people aptly point out, a trial court

[1] Actually there were two confessions. The first was made on the day of the robbery when Detective Sergeant Kontyko questioned defendant after giving him his *Miranda* rights. The second confession, which is the one admitted at trial was taken the next morning, November 14, 1973, in the presence of Detective Joseph Wood and the police stenographer. When the written confession was presented at trial an adjournment was had and after discussion defense counsel and the prosecutor came to an agreement that the formal statement would be read in total.

[2] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87(1965).

is not required to conduct an evidentiary hearing *sua sponte* concerning the voluntariness of an accused's extrajudicial statements where defense counsel does not request such a hearing. *People v Shipp,* 21 Mich App 415; 175 NW2d 529 (1970).

Similarly, we reject defendant's contention that the trial court erred by failing to conduct a post-conviction hearing to determine whether the defendant was denied his right to effective assistance of counsel. Such a hearing was not requested by the defendant when he filed his *pro se* motion for a new trial. We are cited to no authority for the proposition that a trial court should *sua sponte* conduct an evidentiary hearing when a defendant moves for a new trial. We decline to promulgate such a new rule of law.

Finally, defendant's appointed counsel on appeal raised a unique assignment of error. He argues the trial court committed reversible error in denying defendant's request to perfect his appeal *in pro per.*

The right of a criminal defendant to defend himself at trial *in pro per* is set forth in Const 1963, art 1, § 13. *People v Henley,* 382 Mich 143; 169 NW2d 299 (1969), *People v Anderson,* 55 Mich App 317, 320; 222 NW2d 226 (1974). Furthermore, such a right is guaranteed by US Const, Ams VI and XIV. *Faretta v California,* 422 US 806; 95 S Ct 2525; 45 L Ed 2d 562 (1975). However, to invoke this right a defendant must intelligently and voluntarily abandon his right to counsel. *People v McMillan,* 63 Mich App 309; 234 NW2d 499 (1975). It is apparent, therefore, that defendant is correct in claiming that he has a constitutional right to represent himself. Furthermore, there seems to be no meaningful distinction that can be drawn between the right to represent oneself at the trial

level and the right to submit an appellate brief. Thus the question is whether defendant voluntarily and intelligently waived his right to counsel.

This record reveals that defendant never filed any motion for the appointment of appellate counsel, despite having been informed on August 1, 1974, of this right and having at that time been given the proper forms to do so. It is also clear that defendant proceeded to perfect his appeal on his own, since he filed his claim of appeal, request for lower court records and transcript and post conviction motion *in pro per.* These facts coupled with defendant's March 12, 1974, affidavit claiming the right to represent himself on appeal indicate that defendant voluntarily waived his right to appointed appellate counsel. Despite this, the trial judge, construing defendant's March 12, 1974, affidavit as a motion to dismiss appointed appellate counsel, denied his claim.

It is impossible to determine from this record whether defendant was advised of the disadvantages and dangers of self-representation. Without having properly warned the defendant of the dangers of self-representation and without having determined whether the defendant voluntarily and intelligently desired to waive the right to counsel, the trial court erred in refusing to allow the defendant to prosecute his appeal *in pro per.*

In order to expedite this appeal, this Court on its own motion gave the defendant ample opportunity to file an *in pro per* brief. The defendant declined to do so; there are no other issues raised for our consideration.

Conviction affirmed.