PEOPLE *v.* OSGOOD

1. WITNESSES — DEFENDANT TESTIFYING — CROSS-EXAMINATION — PRIOR CONVICTIONS.

An accused who takes the stand in his own defense may be questioned about prior convictions for the purpose of testing his credibility, and no prejudicial error resulted from the prosecutor's questioning of defendant, without any defense objection, about a prior arrest which did not result in a conviction where defendant, in response to a question regarding whether he had been convicted of assault and battery, not only volunteered the answer that the charge had been dismissed but also on redirect examination explained that his arrest for assault and battery had stemmed from a domestic misunderstanding, and the prosecutor, following defendant's initial answer, neither pursued that issue nor raised it again on recross-examination (MCLA § 600.2158).

2. WITNESSES—CROSS-EXAMINATION—DISCRETION.

A trial court has considerable discretion where cross-examination of witnesses is concerned.

3. CRIMINAL LAW—ARGUMENT OF COUNSEL—MISSTATEMENT.

Prosecutor's inadvertent reference in his closing argument to "defendant" having admitted participating in a breaking and entering did not cause prejudicial error where it was obvious at the time of the misstatement that the admission the prosecutor was referring to was of an accomplice of defendant's and the jury was therefore not misled.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Witnesses §§ 616, 617.
[3] 53 Am Jur, Trial § 484.
[4] 5 Am Jur 2d, Appeal and Error § 545.

4. Appeal and Error—Arugment of Counsel—Improper Argu-
   ment—Failure to Object.

> Error cannot be assigned on appeal for improper remarks made
> by prosecutor in argument to the jury where timely objection is
> not made at trial and where a refusal to consider it for the
> first time on appeal will not result in a miscarriage of justice.

Appeal from St. Clair, Stanley C. Schlee, J. Submitted Division 2 June 8, 1970, at Lansing. (Docket No. 7,821.) Decided June 25, 1970.

Lloyd Osgood, Jr., was convicted of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Walter W. Turton,* Prosecuting Attorney, and *Gerald W. Edson,* Assistant Prosecuting Attorney, for the people.

*Walsh, O'Sullivan, Stommel, Sharp & Beauchamp,* for defendant on appeal.

Before: McGregor, P. J., and Bronson and Mahinske,* JJ.

Bronson, J. Defendant was convicted by a jury of breaking and entering the Port Huron Motorcycle Club clubhouse located in Port Huron Township, St. Clair County, on May 26, 1968, and was subsequently sentenced to a period of three to ten years' imprisonment. CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305).

The police arrested one Duane Levitt for an unrelated offense, and upon questioning, Levitt made certain admissions which implicated himself as well as the defendant in the instant crime. At the de-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

fendant's trial, Levitt, who had already been convicted and imprisoned, appeared as the prosecution's chief witness. Levitt testified that he and the defendant had consumed a considerable quantity of alcohol the day of the crime, and that at approximately 10 p. m. both parties broke into the clubhouse and stole money and liquor.

Defendant testified that he became intoxicated as a result of the afternoon's activity, fell asleep in the car, and was unaware of taking part in any criminal activity himself. The defendant also testified that he was unaware of Levitt's involvement in the instant crime.

On appeal, defendant raises three examples of alleged error which defendant claims deprived him of a fair trial. This Court is to determine whether the errors alleged by the defendant, if indeed error was committed, were sufficiently prejudicial to have denied the defendant a fair trial.

Defendant's first assignment of error pertains to the prosecutor's cross-examination of defendant which involved questions relating to the defendant's prior criminal record. In Michigan, an accused party who takes the stand in his own defense may be questioned about prior convictions for the purpose of testing his credibility. CL 1948, § 600.2158 (Stat Ann 1962 Rev § 27A.2158); *People* v. *Cybulski* (1968), 11 Mich App 244. In the instant case, defendant was questioned about numerous prior convictions. Defendant denied two of the alleged convictions, and admitted other convictions including a conviction of breaking and entering and numerous convictions of drunk and disorderly conduct. Defendant now contends that the prosecutor's question as to an alleged assault and battery, which was denied by the defendant, constituted prejudicial error because the defendant, although arrested on a

charge of assault and battery, was never convicted of that crime.

The relevant portion of defendant's testimony, educed from cross and redirect examination, is as follows:

(*Cross-examination*).
"*Q*. Do you recall a conviction on May 22, 1967, for assault and battery, Port Huron?
"*A*. When?
"*Q*. May 22, 1967?
"*A*. I had a charge dismissed on me for assault and battery, yes.
"*Q*. After serving two days.    *    *    *
(*Redirect examination*).
"*Q*. In regard to the assault and battery, were you convicted of that?
"*A*. No, ma'am.
"*Q*. The prosecutor stated that you spent two days in jail, how is that?
"*A*. It was only once I was picked up for assault and battery, picked up in Sanilac County and transported here and they called up Judge Sullivan over the phone about 4 at night and he let me go over the week end for the trial and I don't remember the two days and it was dismissed.
"*Q*. The trial was dismissed?
"*A*. Not a trial, just a hearing, my wife and myself, a misunderstanding between she and I and she filed a warrant for assault and battery."

Defendant, relying on *People* v. *Brocato* (1969), 17 Mich App 277, argues that prejudicial error was committed by questioning defendant on a prior arrest which did not result in a conviction. We do not find *Brocato* to be controlling in the instant case. As illustrated by the above testimony, the prosecutor asked the defendant if he was *convicted* of assault and battery. The defendant volunteered the answer that the charge had been dismissed. On redirect

examination the defendant, responding to questioning by his own attorney, explained that the incident had simply been a domestic misunderstanding. Following the defendant's initial response to the prosecutor's question, the prosecutor did not pursue this issue, nor was it raised on recross-examination. At no time was an objection made by defense counsel, nor did the prosecutor deliberately disregard a court instruction to discontinue the questioning as was the case in *Brocato*. These factors, coupled with the defendant's own admission of numerous prior convictions, lead us to the conclusion that prejudicial error was not committed by the prosecutor's cross-examination of the defendant. See *People* v. *Cybulski, supra,* at 253.

The second issue raised on appeal is directed at the trial court's refusal to allow the witness Levitt to testify as to what the arresting officer had told Levitt at the time of his arrest. See *People* v. *Clark* (1954), 340 Mich 411. In so doing, the trial court sustained the prosecutor's objection to such questioning. Under CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052), the trial court has the duty to control the conduct of a trial. In exercising this duty, the trial judge has considerable discretion where cross-examination of witnesses is concerned. *People* v. *Johnson* (1969), 382 Mich 632, 640; *People* v. *Fedderson* (1950), 327 Mich 213, 220; *People* v. *Lloyd* (1967), 5 Mich App 717, 724. From an examination of the record, it does not appear that an abuse of discretion occurred.

Finally, defendant contends that the prosecutor, in closing argument, caused prejudicial error by stating:

"The defendant doesn't recall whether he broke the storm door. He does recall breaking the window

out on the inner screen door and reaching his hand through and opening the door."

Defendant argues that this statement by the prosecutor misled the jury into believing that the defendant admitted to participating in the crime. This claim is without merit.  Taken in context it was obvious that the prosecutor was referring to the witness Levitt and inadvertently used "the defendant" instead of "Mr. Levitt" or "the witness". At this point in the prosecutor's summation, he was discussing the alleged inconsistencies in Levitt's testimony.  We cannot conclude that this statement, considered in its proper context, misled the jury. *People* v. *Williams* (1968), 11 Mich App 62.  Furthermore, the defendant failed to object at trial, and absent a miscarriage of justice, we will not consider the issue for the first time on appeal. *People* v. *Lohn* (1970), 21 Mich App 235.

Affirmed.

All concurred.