PEOPLE *v.* PEAY

1. Criminal Law—Defendant Testifying—Impeachment—Previous Crime.

A criminal defendant, testifying at his own trial, may only be questioned, for credibility purposes, about crimes of which he has been convicted.

2. Criminal Law—Defendant Testifying—Previous Crimes.

The prosecutor's questioning of a testifying defendant about a crime of which he had not been convicted did not constitute reversible error where no objection was raised by the defendant at trial, the questioning was an inadvertent error of the prosecutor, the defendant was not prejudiced in that he had admitted other arrests and convictions, and the prosecutor immediately stopped questioning him about prior convictions as soon as he stated that he had already related all of his prior convictions.

3. Criminal Law—Instructions to Jury—Factual Examples.

Instructions to the jury need not give examples of what facts should be considered by them in determining whether the defendant possessed the requisite intent to commit the crime.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 November 2, 1971, at Grand Rapids. (Docket No. 10774.) Decided December 8, 1971. Leave to appeal applied for.

Samuel Peay was convicted of willfully and without authority taking possession of and driving away

---

References for Points in Headnotes
[1] 29 Am Jur 2d, Evidence § 320 *et seq.*
[2] 53 Am Jur, Trial § 132 *et seq.*
   29 Am Jur 2d, Evidence § 320 *et seq.*
[3] 53 Am Jur, Trial §§ 635, 641.

a motor vehicle belonging to another.   Defendant
appeals   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, and *Donald A. Johnston,
III,* Chief Appellate Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for
the defendant.

Before: R. B. BURNS, P. J., and LEVIN and T. M.
BURNS, JJ.

PER CURIAM.   Defendant was charged with will-
fully and without authority taking possession of and
driving away a motor vehicle belonging to another,
MCLA 750.413; MSA 28.645.   He was tried by a
jury, found guilty of the offense, and sentenced to a
term of 4–1/2 to 5 years in prison.   Defendant
brings this appeal as of right.

Defendant first contends that during an attempt
by the prosecutor to impeach his credibility, he was
improperly questioned about a prior arrest which
did not result in a conviction.   This Court has re-
cently held that a defendant may only be questioned,
for credibility purposes, about crimes of which the
defendant has been convicted.   See *People v Bro-
cato,* 17 Mich App 277 (1969).

Defendant was asked about a crime of which he
had not been convicted; he was asked whether he was
convicted of attempting to obtain merchandise by
false pretenses.   It appears that this was inadver-
tently done due to an incorrect "rap sheet" which had
been provided for the prosecution by the state po-
lice.   The prosecutor immediately stopped question-

ing the defendant about prior convictions as soon as defendant stated that he had already related all of his previous convictions. The defendant had admitted prior arrests and convictions for larceny in a building and possession of stolen property and to having been involved in a "raid". We are convinced from our examination of the record that the defendant was not prejudiced by the prosecutor's inadvertent error; and therefore, since there was no objection on the part of the defendant, we will not review the question further.

The defendant also contends that the trial court improperly instructed the jury on the element of intent. The trial court instructed the jury as follows:

"Now what are the elements necessary for the people to prove? Well, the statute says: any person who shall willfully and without authority take possession of and drive away a motor vehicle belonging to another; so the first element is that the party being charged must take possession of an automobile belonging to another; that is the first element, possession of an automobile belonging to another.

"The second is that he drove it away or took it away from the place where it was located.

"Three, that he did it willfully and wantonly and without the authority of the owner. Those are the three elements.

"One, he took possession of it; two, he took it and drove it away from the possession of the owner; three, that he did it willfully and wantonly without the authority of the owner. Those are the three elements.

"Now, willfully and wantonly means with intent. Now, what do we mean by intent? Well, intent is something purely subjective in one's mind. You people may leave here and you intend to do something, go home or go shopping or something, and we can't determine what is in your mind. But if a few

of you leave here and go into Wurzburg's or Herpolsheimer's, we know that you intend to do some shopping or go in there for some purpose because your acts carry out your intent. In other words, a person's intent is governed by his overt acts. If I left here this noon and any of you followed me and you wondered where I was going and you couldn't read my mind, but if you saw me go into the Pantlind Hotel and have lunch, then you knew that I intended to go to the Pantlind to have lunch because the overt act that I performed carried out my intention. That is how simple intent is. You govern intent by the overt outside act of the party; that is the only way you can do it .

"So there are three elements: one, possession; two, driving or taking it away; three, that he did it willfully and without the authority of the owner."

In *People v Limon,* 4 Mich App 440, 442 (1966), the Court stated:

"The elements of the crime are: (1) possession must be taken, (2) there must be driving or taking away, (3) done willfully, and (4) without authority."

The above instruction clearly covers all of the elements of the crime charged. Defendant, however, in excepting to the instructions stated that an instruction like the following should also have been given:

"Intent can be determined by the overt acts of the surrounding and relevant established facts in the case. Established factors, not only the actions of the defendant in this case. They could consider the type of automobile; the fact that he was back from Jackson for such a short period of time, all the established facts in the case are overt acts."

The trial court was under no duty to give examples, *i.e.,* type of automobile, *etc.,* to the jury concerning what overt acts should be considered by them in determining whether the defendant had pos-

sessed the requisite intent. The trial court's duty is to charge the jury as to the facts they must find to justify conviction. *People v Bowen,* 10 Mich App 1, 18–19 (1968). This duty the trial court carried out.

For the first time on appeal, defendant submits that the following would have been a more appropriate instruction:

"If the circumstances and surroundings of the case shown by the evidence establish the fact that there was no intention to do what was done  *  *  * or leave in your mind a reasonable doubt of such intent, then your duty is to acquit the respondent of the offense charged in the information." *People v Resh,* 107 Mich 251, 254 (1895).

However, the court, in the instant case, after charging the jury on the elements of the crime went on to state:

"On the other hand, if you find that he failed, the prosecution has failed to prove any one of these three elements by evidence beyond a reasonable doubt, then it would be equally your duty to find the defendant not guilty."

It is our opinion that the court's instructions, when looked upon as a whole, adequately and fairly gave the law applicable to the case. We therefore find defendant's allegation of error concerning them to be without merit.

Affirmed.