## PEOPLE *v* MATTICE

1. CRIMINAL LAW—APPEAL AND ERROR—ISSUES NOT RAISED ON
APPEAL—REVERSIBLE ERRORS—IN PROPRIA PERSONA APPEAL.

Errors, though not raised on appeal, are considered by the
Court of Appeals where the defendant was proceeding *in
propria persona,* the defendant's right to appointed appellate
counsel might have been infringed, both of the errors con-
sidered were reversible error, both errors related to the ques-
tion of fair trial, and one related to a constitutional right.

2. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—SILENCE
AT ARREST—EVIDENCE.

Prosecutor's twice asking the deputy sheriff who investigated
defendant's case and arrested defendant, if the defendant
made any statement when arrested, the prosecutor receiving
a negative answer to each question, and the prosecutor's
stating, during the final argument, that the officer had testi-
fied that the defendant was arrested, properly warned and
made no statement, resulted in reversible error because the
questions and the remark violated defendant's right to remain
silent.

3. CRIMINAL LAW—DEFENDANT TESTIFYING—PRIOR ARRESTS—PRIOR
CONVICTIONS.

Prosecutor's asking defendant about prior arrests, not arrests
and convictions, during cross-examinations resulted in revers-
ible error, because only inquiries of prior convictions are
permissible.

Appeal from Huron, Arthur M. Bach, J.   Submit-
ted Division 2 January 5, 1972, at Lansing.   (Docket
No. 9413.)   Decided February 22, 1972.

REFERENCES FOR POINTS IN HEADNOTES

[1]  4, 5 Am Jur 2d, Appeal and Error §§ 491, 492, 723–743.
[2]  21 Am Jur 2d, Criminal Law §§ 356, 366.
[3]  29, 30 Am Jur 2d, Evidence §§ 320, 321, 333, 1175.

Richard L. Mattice was convicted of breaking and entering an occupied dwelling with intent to commit larceny. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Peter B. Capling,* Prosecuting Attorney, for the people.

Richard L. Mattice, *in propria persona.*

Before: Lesinski, C. J., and McGregor and Quinn, JJ.

Quinn, J. A jury convicted defendant of breaking and entering an occupied dwelling with intent to commit larceny, MCLA 750.110; MSA 28.305. He was sentenced and he appeals.

After claim of appeal was filed but before defendant's brief was filed, his appointed appellate counsel was relieved of the assignment at the request of defendant. The trial court declined defendant's request for new appellate counsel, and defendant's brief was filed *in propria persona.*

Our review of the record convinces us that the three issues raised by defendant are so unsubstantial that discussion of them is not required. Review does disclose two errors committed by the prosecuting attorney at trial, which would have been apparent to adequate appellate counsel but not to defendant. Both of the errors are reversible errors under prior decisions of this Court and both relate to the question of fair trial, and one relates to a violation of a constitutional right of the defendant. Because of this and the possible infringement of defendant's right to appellate counsel, we depart normal procedure and consider issues not raised on appeal.

During the presentation of the people's case, the prosecuting attorney twice asked the deputy sheriff who investigated the case and arrested defendant, if the latter made any statement when arrested. The deputy sheriff responded in the negative to each question. During final argument, the prosecuting attorney stated:

"The officer, Robert Swackhamer, testified that Lester was involved in this and was arrested and properly warned and made no statement."

Defendant's constitutional right to remain silent was violated, *People* v *Gisondi,* 9 Mich App 289 (1967).

During cross-examination of defendant, the prosecuting attorney twice asked defendant about prior arrests, not arrests and convictions. The latter inquiry is proper; the former is not, *People* v *Brocato,* 17 Mich App 277, 302 (1969).

Reversed and remanded for a new trial.

All concurred.