## PEOPLE v SANDERS

### DECISION OF THE COURT

1. CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—PREVIOUS ARRESTS—USE OF MISDEMEANOR CONVICTION FOR IMPEACHMENT PURPOSES.

> The defendant's conviction of second-degree murder is reversed and remanded for a new trial because manifest injustice resulted from the prosecutor's persistent questioning of the defendant concerning a prior arrest, per TARGONSKI, J.; and because the trial court erred in admitting evidence of the defendant's prior conviction of a simple misdemeanor as a test of the defendant's credibility in a murder trial, per BRONSON, J.

### OPINION OF TARGONSKI, J.

2. APPEAL AND ERROR—ISSUE NOT RAISED ON APPEAL—MISCARRIAGE OF JUSTICE.

> *The Court of Appeals, upon discovering an error on the record which requires reversal, may consider an issue not raised on appeal to avoid a miscarriage of justice.*

3. CRIMINAL LAW—DEFENDANT TESTIFYING—CREDIBILITY—IMPEACHMENT—PREVIOUS ARRESTS.

> *The prosecutor may not ask a defendant testifying at his own trial, for the purpose of impeaching the defendant's credibility as a witness, if he has been arrested for a crime where the arrest has not resulted in a conviction.*

4. HOMICIDE—DEFENDANT TESTIFYING—PREVIOUS CONVICTIONS—ADMISSIBILITY.

> *Admission in evidence in a trial for first-degree murder of proof of a misdemeanor conviction of the defendant of the crime of being a disorderly person was error where the prosecution had introduced the evidence for the purpose of impeaching the*

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5, 9] 5 Am Jur 2d, Appeal and Error § 964.

58 Am Jur 2d, New Trial § 5.

[3, 4, 6–8] 21 Am Jur 2d, Criminal Law § 358.

*credibility of the defendant's testimony because the danger of prejudice exceeded the probative value of the evidence.*

CONCURRENCE BY BRONSON, J.

5. APPEAL AND ERROR—CRIMINAL LAW—DEFENDANT TESTIFYING—IM-
PEACHMENT—PREVIOUS ARRESTS—ISSUES NOT RAISED ON APPEAL.

*A prosecutor's single improper reference to a previous arrest to impeach the credibility of a defendant testifying at his own trial, where no scheme, design, or concerted effort by the prosecution to place undue emphasis upon the arrest to prejudice ·the defendant is shown on the record, must be viewed as an inadvertent error insufficient to require reversal by the appellate court sua* sponte *where the issue was not raised by the defendant on appeal.*

6. CRIMINAL LAW—DEFENDANT TESTIFYING—PREVIOUS CONVICTIONS—
ADMISSIBILITY—STATUTES.

*The language of the statute permitting introduction into evidence of previous convictions of a defendant testifying at his own trial requires a trial judge to exercise his discretion by balancing the probative value and prejudicial effect of proffered convictions to determine admissibility (MCLA 600.2158).*

7. CRIMINAL LAW—DEFENDANT TESTIFYING—PREVIOUS CONVICTIONS—
ADMISSIBILITY—MISDEMEANORS.

*The admission of previous convictions to impeach the credibility of a defendant testifying at his own trial constitutes a greater danger of prejudice to the defendant as the convictions proffered approach the category of simple misdemeanors.*

8. HOMICIDE—DEFENDANT TESTIFYING—PREVIOUS CONVICTIONS—AD-
MISSIBILITY—DISORDERLY PERSON.

*A misdemeanor conviction of being a disorderly person should not be admitted in a murder trial to test the credibility of a defendant testifying at the trial because the prejudicial effect of the evidence outweighs its relevancy.*

DISSENT BY LESINSKI, C. J.

9. CRIMINAL LAW—APPEAL AND ERROR—ISSUES NOT RAISED ON AP-
PEAL.

*The Court of Appeals should not raise a ground for reversal sua* sponte *to avoid a miscarriage of justice where there is no miscarriage of justice because the record is replete with evi-*

*dence that is clear, convincing, and sufficient to sustain the conviction.*

Appeal from Jackson, Charles J. Falahee, J. Submitted Division 2 March 7, 1972, at Lansing. (Docket No. 12581.) Decided November 27, 1972. Leave to appeal applied for.

Paul Sanders was convicted of second-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Robert E. Biewend,* Chief Assistant Prosecutor, for the people.

*Jerome A. Susskind,* for defendant on appeal.

Before: Lesinski, C. J., and Bronson and Targonski,* JJ.

Targonski, J. On the evening of August 22, 1970, defendant and the deceased, Nathaniel Douglas, were in a bar in Jackson. The defendant and the deceased got into an argument over a loan. A fight ensued. The force of the defendant's blows made the deceased back up through a pair of swinging doors. At this time the defendant allegedly pulled a gun and shot the deceased, fatally injuring him.

At the trial four witnesses, who were present at the bar at the time of the shooting, testified that the defendant shot the decedent as he was backing up. The defendant testified that he killed the decedent unintentionally and was acting in self defense.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The defendant was convicted by a jury of second degree murder, a violation of MCLA 750.317; MSA 28.549. Defendant was sentenced by the court to serve from 15 to 25 years imprisonment.

A review of the record discloses an error which was not raised on appeal. However, since this error requires reversal, it is within the power of this Court to consider this issue and to avoid a miscarriage of justice. *People v Brocato,* 17 Mich App 277 (1969); *People v Mattice,* 38 Mich App 333 (1972).

During the trial, the prosecutor, while questioning the defendant, asked him if he had been arrested for a robbery in Trenton, New Jersey. Even after the defendant had denied this, the prosecutor pursued this line of questioning by asking him if he wanted to reconsider the answer. Also, in the course of questioning the defendant with reference to misdemeanor violations, the prosecutor managed to work into the record the matter of an incident in Jersey City wherein it appears the defendant was arrested as a disorderly person but was not convicted, according to the testimony.

This Court stated in *People v Brocato, supra,* 302–303:

"We now hold that a defendant testifying at his own trial may not be asked if he has been arrested or charged with crime, where the arrest or charge has not resulted in a conviction and where the only purpose of the questions is to impeach the defendant's credibility as a witness. Where credibility is the only issue, the probative value of arrests and charges, unsubstantiated by a conviction, is slight at best. When weighed against the great danger that the jury, despite careful instructions, might misapply such evidence, the scales of justice tip in favor of exclusion. *United States v Beno,* 324 F2d 582 (CA 2, 1963)."

The holding of this Court in *Brocato* is applicable to the present case. The sole issue here for the jury to decide was which witnesses were to be believed. It was a matter of the credibility of the witnesses which is the essence of the holding in *Brocato, supra.* Furthermore, in the instant case, the apparent purpose of the prosecutor's questioning was obviously to impeach the defendant's credibility.

The facts here are distinguishable from those present in *People v Osgood,* 24 Mich App 705 (1970). In *Osgood* the prosecutor asked the defendant if he had been convicted. In the present case the defendant was specifically asked if he had been arrested. Even when the answer was in the negative the prosecutor continued to pursue the area of arrest only.

*People v Peay,* 37 Mich App 414 (1971), is also distinguishable from the present case. There the trial court allowed the prosecution to question the defendant concerning a prior arrest but it was shown on appeal that this was due to an inadvertent error. Further, the prosecutor in that case immediately ceased to question the defendant after he had denied ever being arrested for the particular crime.

In this case the prosecutor, by the innuendo of the language he employed, did not cease this line of attack. As a result I believe a manifest injustice resulted, necessitating reversal.

Further, under the facts of this case, admission of proof of conviction on a charge of disorderly person on the issue of defendant's credibility in a first-degree murder case created a situation where the danger of prejudice exceeded the probative value of this line of inquiry. Hence I conclude that the admission of proof of this misdemeanor convic-

tion must be considered error for the reasons and
on the basis of the authorities cited by Judge
BRONSON in his opinion.

Reversed and remanded for new trial.

BRONSON, J. *(concurring in the result)*. A review
of the record leads me to the conclusion that the
prosecutor's simple reference to an arrest not
resulting in a conviction did not constitute reversi-
ble error. However, the prosecutor's use of a mis-
demeanor conviction for impeachment purposes
causes me grave concern. This important issue has
received too little attention by the courts of this
state. The admission of a misdemeanor conviction
for being a disorderly person in a murder trial to
test the defendant's credibility reveals to this
writer a clear case where the prejudicial effect of
evidence outweighs its relevancy. I, therefore, con-
cur in the result, but for a different reason.

It is significant that the error based upon *People
v Brocato,* 17 Mich App 277 (1969), was not raised
by defendant. This failure to preserve the issue for
appeal precludes reversal unless preserved by the
Court *sua sponte* to prevent a miscarriage of jus-
tice. *People v Degraffenreid,* 19 Mich App 702
(1969). Dependency upon this concept requires a
search of the record to substantiate an injustice
before a reversal is appropriate and must be dis-
tinguished from errors which themselves consti-
tute reversible error.[1]

The prosecutor's attempt to impeach the defend-
ant's credibility involved a series of questions re-
garding his prior criminal record. Each of these

---

[1] *See Chapman v California,* 386 US 18, 23; 87 S Ct 824, 827–828; 17
L Ed 2d 705, 710 (1967), *reh den* 386 US 987; 87 S Ct 824; 17 L Ed 2d
705, in footnote 8 wherein Justice Black enumerates "constitutional
rights so basic to a fair trial that their infraction can never be treated
as harmless error".

questions preceding the impermissible reference to an arrest were prefaced by the phrase "[have you] ever been *arrested and convicted".* (Emphasis added.) This format clearly satisfies *Brocato* and its progeny. The prosecutor then asked defendant whether he had ever been arrested for robbery· in Trenton, New Jersey. This single impermissible question regarding an arrest not culminating in a conviction was not further pursued after it was answered in the negative. Subsequently, the prosecutor questioned the defendant in a conclusionary manner as to whether his only *arrest and conviction* was limited to the unarmed robbery elicited during earlier testimony. With an affirmative answer the prosecutor terminated his questions regarding prior crimes and concluded his cross-examination by a single question asking defendant whether he wanted to reconsider his answer.

In this context, no scheme, design, or concerted effort by the prosecutor to place undue emphasis upon this arrest or prejudice defendant by its injection in the case is revealed.[2] The prosecutor's single improper reference must be viewed as an inadvertent error similar to that found in *People v Peay,* 37 Mich App 414 (1971). Therein the prosecutor's references to arrests based upon an incorrect "rap sheet" were viewed as an inadvertent error. As in the present case, the defendant in *Peay* raised no objection. The Court's conclusion in *Peay* that defendant was not prejudiced by the prosecutor's error is equally applicable to the present case. The error below was further mitigated by the trial judge's charge to the jury that they were to disregard any reference by the prosecutor to crimes for which the defendant denied conviction or the prosecutor had no proof of conviction. This

---

[2] *Cf. People v Osgood,* 24 Mich App 705 (1970).

error, permitted without objection, fails to offend one's sense of justice and a consideration of the entire record fails to disclose a miscarriage of justice.[3]

The prosecutor's use of a misdemeanor conviction[4] for purposes of impeachment was objected to by defendant and presents the crucial issue in the present appeal. The impetus for impeaching witnesses and defendants via prior convictions flows from statutory sanction. MCLA 600.2158; MSA 27A.2158. The permissible scope of such impeachment is not defined in the statute since it merely provides:

"[The] *conviction of crime,* may be shown for the purpose of drawing in question the credibility of such witness * * * ."[5] (Emphasis added.)

The failure of the statute to further define the types of crimes admissible for purposes of testing a witness' credibility leaves a void to be filled in by statutory interpretation.

The proper construction of this statute must take cognizance of the fact that the statute is to be strictly construed[6] and the admissibility of convictions like all other evidence depends upon a test which balances its relevancy and prejudicial effect. A construction permitting the admissibility of *all* crimes as a matter of law[7] would effectively under-

---

[3] GCR 1963, 529.1; MCLA 769.26; MSA 28.1096.

[4] The conviction at issue was being a disorderly person, which is a misdemeanor. MCLA 750.168; MSA 28.365.

[5] Similar language is found in MCLA 600.2159; MSA 27A.2159, which governs the testimony of parties as witnesses.

[6] *People v Nelson White,* 26 Mich App 35, 40 (1970).

[7] *See People v Farrar,* 36 Mich App 294, 305 (1971), footnote 21, wherein Judge LEVIN distinguishes Michigan cases intimating that a prosecutor has a "right" to introduce prior convictions. *Contrast People v Payne,* 27 Mich App 133, 134 (1970), in which the Court, speaking through a per curiam opinion, stated:

"In this state, whenever a defendant takes the stand in his own

mine the purpose of these concepts. This construction is further barred by the permissive nature of the statute as recently recognized by this Court in *People v Farrar,* 36 Mich App 294 (1971). The *Farrar* Court based its conclusion upon the construction of a similar statute found in *Luck v United States,* 121 US App DC 151; 348 F2d 763 (1965).[8] Since the statute states that a conviction "may" as opposed to "shall" be admitted, the *Luck* Court held that the admissibility of such convictions fell within the trial judge's discretion. This approach preserves the evidentiary test in which admissibility is determined by balancing the probative value and prejudicial effect of proffered convictions. The *Farrar* Court's adoption of this discretionary rule provides defendants with the only protection against being intimidated into relinquishing the right to testify in their own behalf.

The present case provides us with a timely opportunity to reaffirm this doctrine and establish some needed guidelines.

The trial judge responded to defendant's objection to the misdemeanor conviction by concluding that (1) there was no distinction between felonies and misdemeanors, and (2) the prosecutor could use misdemeanors if they were convictions. It is difficult to determine from this conclusion whether the trial judge failed to exercise his discretion believing that admission was required by the statute or exercised his discretion and affirmatively admitted the misdemeanor conviction. If the ad-

behalf, he may be cross-examined about prior convictions *of any crime* for purposes of testing his credibility. [Citations omitted.]" (Emphasis added.)

[8] The *Luck* doctrine placing the admissibility of prior convictions in the trial judge's discretion has been overruled by a statutory revision which was sustained in *Dixon v United States,* 287 A2d 89 (DC, 1972). Since the Michigan statute has not been similarly modified, this decision does not affect the jurisprudence of this state.

mission is accurately portrayed as the trial judge's failure to exercise his discretion, such inaction ignores *Farrar* and constitutes error. If the admission resulted from an exercise of discretion, the interjection of a conviction for being a disorderly person in a murder trial creates an aura of prejudice requiring our further consideration.

The concept of judicial discretion is indispensable to the prudent administration of trials. But what is "judicial discretion"? There are many definitions of this elusive creature, but in this writer's opinion the one authored by Lord Mansfield has really never been improved upon:

"Discretion when applied to a court of justice means *sound discretion* guided by law. It must be *governed by rule,* not humor; it must not be arbitrary, vague, and fanciful, but legal and *regular.* "[9] (Emphasis added.)

The proper exercise of discretion pursuant to this formula can be guaranteed only by the use of guidelines. A majority of these guidelines are found in *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967). They are exhaustively set forth by this Court in *People v Farrar, supra,* and need not be reiterated.

The present case involving a specific challenge to the admission of misdemeanors necessitates further direction by this Court. A distinction between felonies and misdemeanors in which only felonies are admitted cannot be drawn as a finite guideline. Such an approach would ignore two important considerations. Crimes involving credibility are the most appropriate for impeachment purposes because they have the highest correlation

[9] *Tingley v Dolby,* 13 Neb 371, 374; 14 NW 146, 147–148 (1882); *Rex v Wilkes,* 4 Burr 2527, 2539; 98 Eng Rep 327, 334 (KB, 1770).

with relevancy.[10] This category of crimes is followed closely by crimes involving moral turpitude. The interrelationship of these factors with the classifications of felony and misdemeanor creates a variety of combinations in which the relevancy and prejudicial effect will vary. A linear scale measuring relevancy and prejudice will find felonies involving credibility at the end with the highest relevancy—lowest prejudicial effect and simple misdemeanors at the opposite end with the lowest relevancy—highest prejudicial effect. Without attempting to consider the merits of each combination, it is clear that the admissibility of prior convictions constitutes a greater danger of error as they approach the category of simple misdemeanors.

The present case involving a conviction for being a disorderly person in a murder trial reveals an example of the extreme end of the scale where admission should be denied.[11] This type of conviction merely invites the jury to convict the defendant because his prior misconduct indicates that he is a "lawbreaker" with a higher propensity to break the law again. Although misdemeanor convictions are permitted in civil cases,[12] the nature of

[10] This Court has refused to limit impeachment exclusively to offenses involving credibility. *People v Cantrell,* 27 Mich App 210 (1970); *People v Payne,* 27 Mich App 133 (1970).

[11] The convictions of simple misdemeanors of assault and battery, disorderly person, engaging in an illegal occupation, and loitering in a gambling house have been permitted for impeachment purposes in *People v Finks,* 343 Mich 304 (1955), and *People v Roney,* 7 Mich App 678 (1967). Since the *Luck* doctrine was not advanced in these cases, their *sub silentio* acceptance of the admission of misdemeanors does not constitute authority sustaining such admission under the statute in all cases.

[12] *Sting v Davis,* 384 Mich 608 (1971); *Taylor v Walter,* 385 Mich 599 (1971); *Link v McCoy,* 39 Mich App 120 (1972). The precedential effect of these decisions upon criminal law is found in footnote 21 of *People v Farrar,* 36 Mich App 294, 305–306 (1971), and the comments of Justice Brennan in *Sting v Davis, supra,* at p 615.

a criminal trial with its inherent differences and fundamental protections necessitates a different rule.

Defendant's murder trial turned exclusively upon the issue of self defense. Since the credibility of defendant and the witnesses testifying provided the only vehicle for resolving this issue, the admission of evidence was critical. To prevent the impeachment process from circumscribing the justice out of the criminal judicial system, the admission of simple misdemeanors to test a defendant's credibility should be considered suspect. The trial judge's admission of this misdemeanor must be considered error.

Since the precise basis for the admission of defendant's misdemeanor conviction does not appear on the record, both types of conduct had to be considered. If the admission was achieved for failure of the trial judge to exercise his discretion, error resulted. If the admission was achieved pursuant to an exercise of the trial judge's discretion, it must be considered erroneous as being inconsistent with fundamental evidentiary standards. In either event, we cannot conclude that the jury would have reached the same decision had the error not occurred. *Cf. People v Moore,* 39 Mich App 329, 336 (1972). For this reason I would reverse defendant's conviction and remand for a new trial.

LESINSKI, C. J. *(dissenting).* I would affirm defendant's conviction. The basis for reversal raised by Judge TARGONSKI is raised *sua sponte* on the ground that reversal is required to avoid a miscarriage of justice. I find no miscarriage of justice. The record in this case is replete with evidence that is clear, convincing, and sufficient to sustain the conviction.

Likewise, I dissent from the grounds for reversal stated by Judge BRONSON. The error he finds sufficient for reversal was properly preserved for appellate review. While I agree it is error for a trial court to fail to exercise its sound discretion as to the admissibility into evidence of prior misdemeanor convictions without regard to the relevance, probative value, and prejudicial effect of the proffered misdemeanor convictions, I find the error on the record in this case to be harmless error. The combination of the error raised *sua sponte* and the error properly preserved does not provide sufficient grounds for reversal of the conviction.

I vote to affirm.