PEOPLE v RENNO

CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—PREVIOUS CRIME—NONJUDICIAL MILITARY PUNISHMENT.

Nonjudicial military punishment pursuant to Article 15 of the Uniform Code of Military Justice is informal; therefore, the probative value of such actions is outweighed by their potential prejudice, and reference to Article 15 actions for impeachment purposes is legally impermissible; but where the prosecutor received an incriminating response to the question, "Did you get into any trouble in the service?", and did not pursue the line of questioning any further, the Court of Appeals holds that the impact of defendant's answer did not prejudice the jury.

Appeal from St. Clair, Stanley C. Schlee, J. Submitted Division 2 February 6, 1973, at Lansing. (Docket No. 13718.) Decided March 29, 1973. Leave to appeal granted, 390 Mich 770.

Gary C. Renno was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Walter W. Turton,* Prosecuting Attorney, and *Steven L. Hill,* Chief Appellate Attorney, for the people.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendant.

Before: BRONSON, P. J., and FITZGERALD and O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE

54 Am Jur 2d, Military, and Civil Defense §§ 256, 273.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

PER CURIAM. On October 12, 1971, a jury found the defendant guilty of manslaughter in the death of Louis P. Moser during a barroom fight. The defendant assigns several errors, none of which save one has merit, having been extensively discussed and clearly decided in prior Michigan decisions.

Defendant argues that he was improperly interrogated by the prosecution regarding punishment received under Article 15 of the UCMJ; 10 USC 815, while serving in the Army. It is defendant's contention that his incriminating response to the question, "Did you get into any trouble in the service?" was improperly received into evidence and prejudiced the jury. We disagree.

Nonjudicial military punishment pursuant to Article 15 is informal. *Conn v United States,* 180 Ct Cl 120; 376 F2d 878, 880–881 (1967), *appeal after remand,* 187 Ct Cl 319; 407 F2d 879 (1969). Therefore, the probative value of such actions is outweighed by their potential prejudice, and reference to Article 15 actions for impeachment purposes is legally impermissible. However, the line of questioning was not pursued any further in this case, and we hold that the impact of defendant's answer did not prejudice the jury. See *People v Peay,* 37 Mich App 414 (1971), in which this Court ruled that an isolated question concerning an arrest, unsupported by conviction, did not prejudice a defendant. See, also, *People v Brocato,* 17 Mich App 277, 301–303 (1969).

The defendant's conviction is affirmed.