PEOPLE v SCOTT

OPINION OF THE COURT

1. WITNESSES—CRIMINAL LAW—IMPEACHMENT—APPEAL AND ERROR.

A prosecutor is not permitted to question a criminal defendant on cross-examination about arrests that did not result in convictions; a court which permits such questioning commits reversible error.

DISSENT BY M. J. KELLY, J.

2. WITNESSES—CRIMINAL LAW—IMPEACHMENT—PROSECUTOR'S MISSTATEMENTS—GOOD FAITH.

*The rule that a prosecutor is not permitted to question a criminal defendant on cross-examination about arrests that did not result in convictions does not reach a prosecutor's inadvertent misstatement of the nature of a conviction if, in fact, there is a conviction, and the misstatement was made in good faith.*

3. WITNESSES—CRIMINAL LAW—ARRESTS—APPEAL AND ERROR.

*A court does not err by permitting a prosecutor to inquire into prior arrests on cross-examination of a defendant where defense counsel first raised and pursued the line of questioning which brought out the prior arrests.*

Appeal from Wayne, Michael L. Stacey, J. Submitted June 17, 1975, at Detroit. (Docket No. 19413.) Decided October 13, 1975. Leave to appeal applied for and by order of the Supreme Court reversed and remanded to the Court of Appeals, 396 Mich —.

Milford L. Scott was convicted of second-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Witnesses § 754 *et seq.*

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*James R. Neuhard,* State Appellate Defender *(Arthur J. Tarnow,* of counsel), for defendant.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

QUINN, J. Defendant was charged with first-degree murder, MCLA 750.316; MSA 28.548. His jury trial resulted in his conviction of second-degree murder, MCLA 750.317; MSA 28.549. He was sentenced and he appeals on ten allegations of error.

One allegation of error is determinative of this appeal and obviates a recitation of the facts. During cross-examination of defendant, the prosecuting attorney was permitted to question defendant about arrests that did not result in convictions. This was reversible error, *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973).

In view of the foregoing, we choose not to discuss the remaining issues.

Reversed and remanded.

T. M. BURNS, P. J., concurred.

M. J. KELLY, J. *(dissenting).* I do not believe that *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973), requires reversal in this case.

The defendant first claims that the prosecutor erred in asking about an arrest for carrying a gun which never occurred. As I view the record, I conclude that the defendant's "rap sheet", *i.e.,* criminal record, showed a conviction for carrying a

concealed weapon that the prosecutor understand-
ably, but erroneously, concluded involved a gun.
The defendant admitted that he was convicted of
carrying a concealed weapon, and that the weapon
he was carrying when arrested was a razor. Thus
the prosecutor's misconception was quickly cor-
rected:

"*Q.* You have been arrested and—arrested for carry-
ing a gun?

"*A.* Carrying a concealed weapon.

"*Q.* In Cincinnati, Ohio?

"*A.* Yes—no, I wasn't arrested for carrying a gun. I
was arrested for carrying a razor.

"*Mr. Bledsoe:* Just a moment.

"*Q.* A razor?

"*Mr. Bledsoe:* Just a moment.

"*The Court:* Just a moment.

"*Mr. Bledsoe:* I'm going to object. Let us have a
record.

"*Mr. Boak:* It is a conviction, your Honor.,

"*The Court:* Let us find out if he has been convicted.
Let's get the answer.

"Were you convicted in Cincinnati?

"*The Witness:* I wasn't convicted of carrying a fire-
arm.

"*The Court:* All right. That is the answer.

"*Q. (By Mr. Boak):* You were convicted of carrying a
weapon?

"*A.* A razor.

"*Q.* Which was a weapon; is that correct?

"*A.* To go in that in length. I was—

"*Q.* Well, no. You were convicted?

"*The Court:* Just answer the question.

"*A.* I had a razor in my possession, and I was ar-
rested."

I do not believe that *Falkner* reaches the inad-
vertent misstatement of the nature of the convic-

tion if, in fact, there is a conviction, and the
misstatement was made in good faith. See, *e.g.,
People v Sanders,* 394 Mich 439; 231 NW2d 639
(1975), *reversing* 43 Mich App 698; 204 NW2d 706
(1972). It should also be noted that, in the case at
bar, the defendant, on direct examination, admit-
ted to only one felony conviction when, in fact, he
had four.

Furthermore, the effect of this colloquy may
have actually been beneficial to the defendant.
Without the explanation engendered by the prose-
cutor's question, the jury might itself have con-
cluded that the weapon carried by the defendant
at the time of his arrest was a gun, which was the
murder weapon, and not a razor. Certainly, at
worst, the questions and answers heard by the
jury amounted to no more than harmless error.
*People v Swan,* 56 Mich App 22; 223 NW2d 346
(1974).

Secondly, defendant argues that error was com-
mitted when the prosecutor asked on cross-exami-
nation about a charge that did not result in a
conviction, an alleged homicide of a police officer.

"*Q.* Mr. Scott, since we're on the subject of the
statement, the police shooting in 1968, you were
charged in that crime, were you not?

"*A.* I was a state witness.

"*Q.* You were not charged with the crime?

"*A.* Well, I was supposed—"

Although defense counsel objected, the trial
court allowed the question and answer to remain
on the record because defense counsel had opened
the door to this line of questioning on direct
examination. A review of the trial record discloses
that defense counsel did, in fact, ask the defendant
if he had read a statement made by one Raymond

Hunter regarding defendant's connection to the killing of a state police officer, a matter entirely unrelated to the charge in the case at bar. Defense counsel also questioned a state police officer about that portion of Hunter's statement implicating defendant in the police shooting.

Defense counsel's purpose, as revealed in his argument to the jury, was to discredit Hunter, by showing that the police did not follow up on Hunter's lead in the police shooting for six months, thus implying that the police themselves did not give much credence to Hunter's information.

This Court has held that it is not error on cross-examination to inquire into prior arrests where defense counsel first raised and pursued the line of questioning which brought out the prior arrests. See *People v Bearden,* 29 Mich App 416; 185 NW2d 438 (1971), *People v Buero,* 59 Mich App 670; 229 NW2d 880 (1975). Since the line of questioning which resulted in asking defendant on cross-examination if he had been charged with that particular crime was raised by defense counsel, defendant cannot now claim error.

After reviewing defendant's other allegations of error, I do not believe that any of them mandate reversal. I would affirm the conviction.